**PEOPLE OF THE UNITED STATES ex rel. RENO v. RAGEN, Warden.**

No. 8891.

Circuit Court of Appeals, Seventh Circuit.

Oct. 24, 1945.

James Reno, in pro. per.

George F. Barrett and William C. Wines, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

Petitioner has appealed from an order of the District Court denying his application for a writ of habeas corpus. This court has granted him leave to proceed in forma pauperis, and the record discloses the requisite certificate of probable cause.

Petitioner is a prisoner in custody of respondent, Warden of the Illinois State Penitentiary at Joliet, Illinois, under sentence of imprisonment for a term of ten years to life upon conviction of the crime of armed robbery. His sentence was imposed on August 12, 1926. In November, 1936, petitioner was paroled to Cameron, Texas; subsequently he was arrested in Detroit, Michigan, upon the charge of armed robbery; he was convicted and sentenced upon this charge to serve a term of five to twenty-five years in the Michigan State Prison. A parole violator's warrant was lodged with the Michigan authorities by the Illinois authorities, and upon petitioner's release from the Michigan institution in December, 1942, he was delivered into the custody of the Illinois au-

thorities and returned to Joliet on December 23, 1942.

 Petitioner contends that the State of Illinois had no right to bring him back to Illinois involuntarily and again confine him under the statute applicable to his case. Smith-Hurd Ann.Stats. Chap. 38, Sec. 808. This involves an interpretation of the laws of Illinois. We so held in Whitten v. Bennett, 7 Cir., 141 F.2d 295. The question has been decided adversely to petitioner's contention by the Illinois Supreme Court in People v. Becker, 382 Ill. 404, 47 N.E.2d 475, and by this court in United States ex. rel. Jackson v. Ragen, 7 Cir., 150 F.2d 190, in which we approved the holding of the Becker case. See also U.S. ex rel. Lyons v. Ragen, 7 Cir., 150 F.2d 53.

The judgment is affirmed.