## UNITED STATES ex rel. TURNER v. BENNETT, Warden.

### No. 8890.

Circuit Court of Appeals, Seventh Circuit.

Dec. 21, 1945.

Jack A. Coney, of Peoria, Ill., Wm. Scott Stewart, of Chicago, Ill., and Homer W. Keller, of Peoria, Ill., for appellant.

George F. Barrett, Atty. Gen., and Edward Wolfe, Asst. Atty. Gen., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

### PER CURIAM.

Appellant is a prisoner in the Illinois State Penitentiary, serving a sentence of one to twenty years for burglary, imposed on March 5, 1925, pursuant to a judgment of conviction of on Illinois court upon his plea of guilty. He petitioned the District Court for a writ of habcas corpus. From an order denying his petition, this appeal in forma pauperis is presented.

The contention is that appellant is being deprived of his liberty without due process of law in contravention of the Constitution of the United States.

The record discloses that appellant was paroled from the Illinois State Penitentiary about January 5, 1928, and remained upon parole in the State of Kansas until he was arrested on a charge of forgery. May 18, 1928, he was sentenced to the Kansas State Prison where he remained until June 21, 1931, when he was again paroled. July 2, 1928, the Illinois Parole Board found appellant to be a defaulter on his out-of-state parole and issued its parole violation warrant for his arrest, but on February 13, 1929, it withdrew the warrant. May 15, 1931, a second parole violation warrant was issued for his arrest. November 19, 1934, he was sentenced to the Kansas State penitentiary to serve a term of ten to twenty years for burglary and as a habitual criminal. After his discharge from that penitentiary he waived extradition from the State of Kansas and voluntarily returned to the State of Illinois, and was confined in the Illinois State Penitentiary in April, 1941, to complete the sentence imposed by the Illinois court on March 5, 1925.

Appellant insists that when he was paroled from the Kansas State Penitentiary on June 21, 1931 and "allowed [from June

21, 1931 to November 19, 1934] to take his place in society, with no call from the State Authorities of Illinois for completion of his sentence," the State of Illinois lost jurisdiction over him and could not thereafter compel him to serve the remainder of his 1925 Illinois sentence.

Consideration of the question involved convinces us that the decision of the trial judge was correct, for the reasons so ably and adequately stated in his opinion. Moreover, the identical point now raised was made by this appellant in a petition for a writ of habeas corpus and was fully disposed of by this court in the case of Whitten v. Bennett, 7 Cir., 141 F.2d 295, 297, and more recently the same question was decided adversely to appellant's contention in the case of People of U. S. ex rel. Reno v. Ragen, 7 Cir., 151 F.2d 447. We do not think it necessary for us to add anything to what has already been said in those cases.

The order of the District Court is affirmed.