

J. Tom Watson, Atty. Gen. of Florida, and Cecil T. Farrington, Asst. Atty. Gen. of Florida, for appellant.

David A. Morse, Gen. Counsel, N.L.R. Bd., and A. Norman Somers, Asst. Gen. Counsel, N.L.R.Bd., both of Washington, D. C., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

William Hughes, pro se.

George F. Barrett, Atty. Gen. of Illinois, for appellee.

Before EVANS and MAJOR, Circuit Judges.

PER CURIAM.

Petitioner is a prisoner in the Illinois State Penitentiary, serving a sentence of one to twenty years, imposed in October, 1921, pursuant to a judgment of conviction upon his plea of guilty. He sought to obtain his release from the penal institution by petitioning the District Court for a writ of habeas corpus. The District Court dismissed his petition, and from the order of dismissal this appeal followed. The trial judge signed the requisite certificate of probable cause, and this court allows the prosecution of the appeal in forma pauperis.

The following facts appear from the record: Petitioner was paroled in March, 1928, and while on parole was convicted in Ohio for assault to rob and sentenced to one to fifteen years. In October, 1929, a parole violation warrant issued in Illinois against petitioner. The Ohio officials were notified that the State of Illinois would hold the warrant and exercise the same only if petitioner returned to Illinois. Petitioner was paroled from the Ohio State Penitentiary in June, 1932. He was next heard from in Greencastle, Ind., where as an inmate of the Indiana State Farm he was serving a term of 180 days for carrying concealed weapons. He was next heard from when he became incarcerated

**UNITED STATES ex rel. HUGHES v. RAGEN, Warden.**

No. 9051.

Circuit Court of Appeals, Seventh Circuit.

March 21, 1946.

in the California State Penitentiary after conviction on charge of first degree robbery. In December, 1937, a duplicate of the warrant previously issued by the Illinois authorities in October, 1929, was filed with the authorities at the California institution. In September, 1943, petitioner was released on parole by the California authorities, waived extradition to the State of Illinois, and was returned by a parole agent to Illinois State Penitentiary at Pontiac in October, 1943, to complete the sentence imposed by the Illinois court in October, 1921.

Petitioner contends that the State of Illinois waived any right it may have had by failing to return him from the Ohio Penitentiary, and that his maximum sentence of twenty years has long since expired.

These points have been decided by this court adversely to petitioner's contention in Whitten v. Bennett, 7 Cir., 141 F. 2d 295; People of United States ex rel. Reno v. Ragen, 7 Cir., 151 F.2d 447, and United States ex rel. Turner v. Bennett, 7 Cir., 153 F.2d 102. For the reasons therein advanced, the order of the lower court was proper.

It is also disclosed that petitioner has not exhausted his state court remedies as required by White v. Ragen, 324 U.S. 760, 65 S.Ct. 978.

The order of the District Court is affirmed.