## UNITED STATES ex rel. TERRY v. NIERSTHEIMER.

### No. 9234.

Circuit Court of Appeals, Seventh Circuit.

Dec. 30, 1946.

E. C. Yokley, City Atty., of Nashville, Tenn., for appellant.

George F. Barrett, Atty. Gen. (Ben F. Railsback, Asst. Atty. Gen., of counsel), for appellee.

Before SPARKS, MAJOR and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This is another appeal from a judgment denying a petition for discharge of a prisoner on writ of habeas corpus. It again raises the question of the right of the Illinois authorities to hold in custody and require completion of the sentence of a prisoner who had violated the terms of a "banishment parole."

In denying the petition for the writ, the third one filed before the same court by this relator, the court held that the prisoner had not exhausted his state remedies, hence it had no jurisdiction to grant the writ.

On petition for rehearing, the court reiterated the fact of appellant's failure to exhaust state remedies, but stated further that if it did have jurisdiction, the petition must be denied on its merits on the authority of People ex rel. Barrett v. Dixon, 387 Ill. 420, 56 N.E.2d 816; Whitten v. Bennett, 7 Cir., 141 F.2d 295; People of United States ex rel. Reno v. Ragen, 7 Cir., 151 F.2d 447; United States ex rel. Turner v. Bennett, 7 Cir., 153 F.2d 102; United States ex rel. Hughes v. Ragen, 7 Cir., 154 F.2d 289.

We are fully in accord with the ruling of the court in both respects, and it would serve no useful purpose to state the facts of this case which follow the familiar pattern of those in the cases cited.

Judgment affirmed.