UNITED STATES ex rel. MEINER v. RAGEN, Warden.

No. 10640.

United States Court of Appeals
Seventh Circuit.

Nov. 26, 1952.

Harry W. Malm, Joseph Tyrrell, Chicago, Ill., for appellant.

Ivan A. Elliott, Ill. Atty. Gen., William C. Wines, Raymond S. Sarnow, Asst. Attys. Gen., of counsel, for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the district court denying a petition for a writ of habeas corpus.

On January 14, 1931, after a conviction on a charge of robbery, petitioner was sentenced to the Illinois State Penitentiary by the Criminal Court of Cook County, Illinois, for a term of years not exceeding the maximum (20 years) fixed by statute. At the end of three years petitioner was eligible for parole and shortly thereafter was granted an out-of-state parole, sometimes called a banishee parole. One of the terms of the parole agreement was that he proceed to Portales, New Mexico, where a job as farm hand was awaiting him. The parole agreement provided that upon arrival and after reporting to his sponsor, petitioner would fill out and mail an arrival report endorsed by the sponsor; he was also to make written reports monthly for the first year, every two months the second year, quarterly for the third and fourth years, semi-annually the fifth year, and annually thereafter. Petitioner agreed to abstain from the use of intoxicating liquors, to obey the laws, and to conduct himself as a good citizen. The agreement also prohibited his leaving the State of New Mexico without permission.

Petitioner proceeded to Portales, New Mexico, but he did not make out or mail the arrival report or any subsequent reports, his excuse being that on his journey he had lost the report forms which had been handed to him, and he did not send for substitute forms. On April 13, 1935, an "order for arrest of paroled prisoner" was issued, but for many years no attempt was made to serve same, although it is apparent that the Illinois parole authorities were acquainted with the whereabouts of petitioner.

On December 23, 1941, petitioner joined the United States Navy at Houston, Texas, and was stationed at Corpus Christi, Texas, for several months. However, when the naval authorities learned, by means of petitioner's finger-prints, that he had a prison record, he was given a discharge.

For some four years after petitioner's release from the Navy there is no record of law violations on his part. However, in March, 1946, he was arrested in Fresno, California, and served thirty days on a charge of drunkenness. He was again arrested on the same charge in Quincy, California, in 1948. In April, 1949, he was arrested at Los Angeles, California, and held for investigation. While confined to jail, petitioner was served with the warrant heretofore described, which had been issued about fourteen years previously.

Petitioner contends that it was generally understood at the time he received an out-of-State parole that he and all others similarly situated would not be molested as long as they remained without the confines of the State of Illinois, and that the failure of the Illinois State authorities to attempt to serve the warrant of arrest upon him, although knowing of his whereabouts, demonstrates that his understanding of this unwritten agreement was correct.

No point is raised on this appeal as to the exhaustion of petitioner's State court remedies, but the record includes a copy of a communication from the Supreme Court of the United States that petitioner's petition for a writ of certiorari had been denied in 1951. We will therefore proceed upon the assumption that petitioner has exhausted his State court remedies.

Petitioner's main reliance is upon United States ex rel. Howard v. Ragen, D.C., 59 F.Supp. 374, decided March 13, 1945. As a part of his petition for a writ of habeas corpus petitioner sets forth verbatim the district court's opinion in the Howard case.

Petitioner is confined in an Illinois State Penitentiary, pursuant to a judgment of an Illinois State court. We may be less than enthusiastic about the action of the Illinois parole authorities in this case as a matter of policy, but as a court we have no alternative than to apply the law of Illinois. United States ex rel. Jackson v. Ragen, 7 Cir., 150 F.2d 190, 192; United States ex rel. Reno v. Ragen, 7 Cir., 151 F.2d 447, 448; United States ex rel. Palmer v. Ragen, 7 Cir., 159 F.2d 356, 359.

In the Howard case, supra, the district court cited numerous decisions of the Illinois Supreme Court and quoted at length from People ex rel. Barrett v. Dixon, 387 Ill. 420, 56 N.E.2d 816. The district court there decided that in spite of the Illinois Supreme Court decisions the petitioner in that case was being deprived of his liberty without due process of law under the Fourteenth Amendment, and the petitioner was ordered discharged.

In the Jackson case, supra, in United States ex rel. Turner v. Bennett, 7 Cir., 153 F.2d 102, and in the Palmer case, supra, each petitioner had received an out-of-State parole. Upon being returned to Illinois for violation of parole, each contended that he was being held in violation of the due process provisions of the Fourteenth Amendment, United States Constitution. In each case this court held that due process was not violated. Although the Howard case was neither cited nor mentioned in our opinions, the results reached were contra to the holding in that case.

Decisions of State governmental bodies charged with the prosecution and punishment of offenders are not to be interfered with by federal courts, except in case of extraordinary circumstances. Davis v. Dowd, 7 Cir., 119 F.2d 338. We here repeat what we said in Kelly v. Dowd, 7 Cir., 140 F.2d 81, 82: "The jurisdiction to interfere with the proceedings of state governmental bodies charged with the prosecution and punishment of offenders is an exceedingly delicate one to be exercised with the greatest of care and nicest sense of propriety."

In the Palmer case, supra, this court took pains to discuss the applicable Illinois law in considerable detail. We think no good purpose would be met by repeating what we said there. Applying the law as there stated, we conclude that the district court was correct in denying the petition for a writ of habeas corpus herein.

We also take this occasion to caution that the rule laid down in United States ex rel. Howard v. Ragen, supra, is not the law in this circuit.

We desire to express our appreciation to court-appointed counsel, Harry W. Malm, Esq., and Joseph Tyrrell, Esq., for their services rendered in this matter.

The order denying the petition for a writ of habeas corpus is affirmed.