## DEL'MARMOL v. HEINZE et al.

Misc. No. 310.

United States Court of Appeals
Ninth Circuit.

June 17, 1953.

---

Edwin J. Del'Marmol, in pro. per.

No appearances for respondents.

DENMAN, Chief Judge.

Del'Marmol seeks a certificate of probable cause for appeal from a judgment of the United States District Court for the Northern District of California, Northern Division, and for permission to proceed with the appeal in forma pauperis. The district judge refused to grant a certificate of probable cause and ruled that the appeal was not taken in good faith.

On November 17, 1945, Del'Marmol was convicted of the crime of second-degree burglary and was sentenced by the California court to a term of 1–15 years. The Adult Authority, pursuant to California's indeterminate sentence law, set Del'Marmol's term at seven years. He was released on parole on December 1, 1947. His parole was revoked on March 26, 1948, and he was returned to prison. On August 8, 1949, he was again released on parole. On November 9, 1950, he was arrested and placed in custody on a charge of having violated 18 U.S.C. § 2315, a charge upon which he was ultimately convicted. On December 12, 1950, Del'Marmol's parole was ordered suspended and he was ordered returned to prison. He now seeks release from this imprisonment.

It is Del'Marmol's contention that he has served the full sentence imposed by law, that at the completion of a period of seven years from the date of the commencement of the sentence he was entitled to be discharged. The gravamen of his complaint seems to be that the Adult Authority does not have the power to fix his sentence at a higher term—still within the maximum fixed by the court—after it has once fixed his sentence. The district court rejected this contention, holding that the question was one of state law and that the determination of the state courts was therefore conclusive.

The only issue under the United States Constitution presented by the petition is that the Adult Authority has made Del'Marmol's enjoyment of personal liberty depend upon their whim, sufferance or caprice. In presenting this claim, he relies upon U. S. ex rel. Howard v. Ragen, D.C.N.D.Ill., 59 F.Supp. 374. That case is not in point. There the prisoner who had been released on parole could be returned to prison at any time in the future, irrespective of whether the time of the original maximum sentence had expired. In California, on the other hand, a paroled prisoner remains in the legal custody of the Adult Authority, but must be released from that custody upon the expiration of the maximum period of punishment. Calif.Pen.C. §§ 3056, 2940. Furthermore, the Howard case has been expressly disapproved, U. S. ex rel. Meiner v. Ragen, 7 Cir., 199 F.2d 798.

The petition for the certificate of probable cause is denied.