**UNITED STATES of America ex rel. Charles WILLIAMS, Plaintiff-Appellant,**

v.

**Joseph E. RAGEN, Warden, Illinois State Penitentiary, Defendant-Appellee.**

**No. 11734.**

United States Court of Appeals Seventh Circuit.

Oct. 24, 1956.

Before MAJOR, FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

After the district court denied Williams' petition for a writ of habeas corpus he appealed and a certificate of probable cause issued from our court. From several exhibits incorporated in plaintiff's brief it appears that he has pursued his remedies in the United States Supreme Court, Illinois Supreme Court and Will County Circuit Court, Illinois.

Williams was sentenced, after being convicted on March 6, 1934, of armed robbery, to the Illinois State Penitentiary for a term of years not to exceed the maximum statutory term for that offense. After Williams appeared before the Board of Pardon and Paroles, March 14, 1935, for his automatic minimum hearing the Board denied him parole and set the actual time he was to serve at six years. April 30, 1938 would, under that order, have been the date on which he was eligible for release. A later hearing by the Board on February 14, 1938, resulted in a denial of parole (e. g. outlist not approved) and a continuance of his case to March 15, 1946. His subsequent eligibility for parole resulted in a Board order of March 24, 1942 which, in substance, provided that Williams was "Paroled, effective April 30, 1942 for the purpose of transfer to the Illinois State Farm, at Vandalia, Illinois, with the provision that if transferred to that institution he will be eligible to consideration for final discharge after the service of three years in that institution unless sooner transferred as the result of home and employment on the outside." [1] Williams' petition recites that he was returned to the penitentiary on June 8, 1944, "at which time the Parole Board sentenced him to serve three years as a Parole violator." Exhibit B shows that on September 11, 1944 he was declared a defaulter on parole, and on June 11, 1946 he was paroled effective July 23, 1946. Williams was again declared a defaulter [2]

Mark L. Schwartzman, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., William C. Wines, Asst. Atty. Gen., Raymond S. Sarnow, A. Zola Groves, Asst. Atty. Gen., of counsel, for appellee.

1. Quoted from Exhibit "B" attached to the petition.

2. Exhibit "B" contains this entry: "April 15, 1953 declared a violator as of No-

on parole, May 12, 1947. He was returned to the penitentiary, March 17, 1953, as a parole violator and sentenced to serve until March 17, 1958, where he is now detained.

Williams' attack is not launched against the underlying judgment of conviction on which his initial sentence of imprisonment is grounded. Illinois has only two methods for remitting unsatisfied sentences. United States ex rel. Meiner v. Ragen, 7 Cir., 1952, 199 F.2d 798. Neither was exercised in the instance before us. Regardless of phraseology or approach the core point put forward on behalf of Williams resolves itself into a contention that Illinois lost jurisdiction over him because of alleged arbitrary and capricious actions and orders of its Parole Board. United States ex rel. Palmer v. Ragen, 7 Cir., 1947, 159 F.2d 356, adversely decided to such contentions, can be coupled with the Meiner case and both are dispositive of this appeal. Facts showing entitlement to the writ are absent. 28 U.S.C. § 2243.

The generous efforts of court-appointed counsel merit acknowledgment by this court.

The judgment of the District Court is affirmed.

Judgment affirmed.

Donald R. Hellyer, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Frank J. McGarr, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

vember 27, 1946. Continued to March 17, 1958."