THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO INGENITO, Appellant, against WARDEN AND AGENT OF AUBURN PRISON, Respondent.

Fourth Department, December 30, 1943.

*Maurice Edelbaum* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; William S. Elder, Jr., Assistant Attorney-General* of counsel), for respondent.

HARRIS, J. The relator, appellant herein, at the time of his application below was and now is an inmate of Auburn State Prison. By a writ of habeas corpus he sought his release from such imprisonment but, by order of the Special Term, the writ was dismissed and the relator remanded to Auburn State Prison. It is from such order dismissing the writ and ordering his return to prison that he appeals.

Writs of habeas corpus not infrequently are being presented to the courts of this State. Frequently the prisoner praying release from custody endeavors to secure such release by the use of the writ of habeas corpus, in place of appeal, or without exhausting the other remedies provided for on conviction of crime. In such types of applications the grounds urged by the relators therein are based upon technicalities, or pressed upon the court's attention after other means of securing release

from incarceration have failed or have not been asserted by the prisoner at the proper time. In such a case, due to the presumption of regularity, the court to which such an application has been made ordinarily does not and should not grant the relief for which prayer is made. (*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90; *People ex rel. Albanese* v. *Hunt,* 266 App. Div. 105.) The application, from the disposition of which below appeal is taken here, is of a different nature. Here the prisoner claims that he is being held illegally, due to the action of the Parole Board of the State. The facts are below:

The relator was convicted of the crime of burglary, second degree, by the Kings County Court and on such conviction was sentenced by that court April 12, 1927, to serve a term in State prison the minimum of which was to be five years and the maximum fifteen years. On August 11, 1931, he was admitted to parole by the State Parole Board. Such admittance to parole was evidenced by an agreement drawn by the Parole Board and delivered to the relator (then a prisoner under the sentence above mentioned) which agreement contained various conditions, the one which is pertinent to this matter under discussion is as follows: " 7. Should I, during the period during which I am on parole, be convicted of a felony within this State, I understand that before beginning to serve the sentence pronounced upon me for this offense, I shall be compelled to serve in a State penal institution the portion remaining of the maximum term of the sentence on which I was released on parole from the time of such release on parole to the expiration of such maximum." Subsequent to such release on parole and on June 13, 1935, he was arrested under another indictment which charged him with burglary in the first degree (a crime committed while he was on parole); on such indictment and in Kings County Court he plead guilty to the crime of grand larceny, second degree (a felony), and by action of the Parole Board was returned to Auburn State Prison to serve what he owed on the commitment of April 12, 1927. On his plea of June 13, 1935, he was not sentenced until November 12, 1941, on which date he was brought into Kings County Court and sentenced to serve a term in State prison of two years and six months. Execution thereof was suspended. At the time of the relator's release on parole, August 11, 1931, there was still due the State from him, so far as the maximum term was concerned, service of ten years, six months and three days. The relator claims that of the amount of time (ten years, six months

and three days) he should have been compelled to serve on his return to prison only until the termination of the maximum of fifteen years from sentence in April, 1927; the respondent Warden contends that the Parole Board had authority to declare forfeited by the relator the time of three years and ten months that he had been on parole and that his term on the first sentence did not expire until three years and ten months after fifteen years from the original day of sentence. The court below held with the respondent Warden and based its decision on section 219 of the Correction Law, later herein quoted. The relator also contended below that, although he plead guilty to the second indictment on June 3, 1935, he could not be returned as convicted of a second felony, as judgment on this plea was not then pronounced.

In determining the merits of this appeal, we must concern ourselves with the authority vested in the Parole Board by statute. It is clear that section 219 of the Prison Law (now Correction Law) as in existence at the time of the hearing of the application herein below (§§ 219, 223, added to Prison Law by L. 1928, ch. 485) should not have been regarded as an authority in dismissing such application. (*People ex rel. Cecere* v. *Jennings,* 250 N. Y. 239.) Section 223 of the Prison Law, as added by such chapter 485 of the Laws of 1928, specifically provides for the application of such provisions of the law to persons sentenced on or after July 1, 1928. At the time of the sentencing of the relator in 1927 and at the time of his release on parole in 1931 and at the time of his return to Auburn State Prison under his plea of guilt to the second felony, his reincarceration and the time that he was to serve after being so returned were governed by the provisions of chapter 736 of the Laws of 1926, amending the then Prison Law, which insofar as pertinent are now quoted: " § 214  *  *  *  then said board, in its discretion, may authorize the release of such applicant upon parole, and such applicant shall thereupon be allowed to go upon parole outside of said prison walls and inclosure upon such terms and conditions as said board shall prescribe, but to remain, while so on parole, in the legal custody and under the control of the agent and warden of the state prison from which he is so paroled, until the expiration of the maximum term specified in his sentence  *  *  *  or until his absolute discharge  *  *  *. The Board of Parole shall, in granting such parole, annex a condition to the effect that if any such convict shall, during the period between the date of his release by reason thereof and the date of the expiration of the maximum term for which

he was sentenced, be convicted of any felony, committed in the interval as aforesaid, he shall, in addition to the sentence which may be imposed for such felony and before beginning the service of such sentence, be compelled to serve in the prison * * * the remainder of the maximum term of his sentence, * * *." The respondent contends here that the provisions of section 214 of the former Prison Law, which empowered the Parole Board to release a prisoner on parole " upon such terms and conditions as said board shall prescribe," gave to that Board the authority to impose upon the relator on his release on parole the condition in the parole agreement which condition is above quoted as " 7." If this contention is to be upheld, it must be said by this court that the Parole Board has power when admitting a prisoner to parole to do so on a condition which will result, as a practical matter, in case of violation of parole, in an imposition of extra punishment by the Board. In other words, a condition of the type now being discussed would result in the Parole Board fixing the sentence of a prisoner at an amount of time not contemplated by the provisions of the Penal Law under which he is sentenced. In view of the further contents of section 214 which provide, as above quoted, that a convict released on parole should have in his parole agreement an annexed condition that, on conviction of a felony between the time of his release and the expiration of his maximum term, he shall serve the remainder of his maximum term, it must be held that the Legislature in saying " upon such terms and conditions as said board shall prescribe," did not have in mind a condition more severe than that stated in section 214 in reference to serving the remainder of the maximum term. This conclusion is emphasized by the later action of the Legislature in the enactment of the present section 219 of the Correction Law, by chapter 485 of the Laws of 1928, which amendment provided for service by a parolee convicted of a felony while out on parole of " the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole to the expiration of such maximum." In enacting such chapter 485 of the Laws of 1928 the Legislature specifically provided that such a condition of forfeiture for violation of parole should not apply except to convictions of persons sentenced on or after July 1, 1928, and confined to a State prison. (L. 1928, ch. 485, adding to Prison Law (now Correction Law), § 223, affecting Prison Law, § 219.) Any attempt of the Parole Board on its own initiative to impose upon a parolee a condition for parole

which could in effect at some time enlarge his sentence would be an encroachment on the power of the Legislature and the authority of the courts of the State. (N. Y. Const. art. I, §§ 1, 6; Correction Law, § 223.) The Parole Board had no authority to impose condition No. 7 of the parole agreement delivered to the relator, and such condition was of no force or effect and the detention of the relator under such condition is a violation of his constitutional rights. Commutation and parole are matters of privilege and favor and not of right. (*People ex rel. Cecere* v. *Jennings,* 250 N. Y. 239, 241.) But parole may not be granted with an illegal condition attached. The relator was entitled on his application below to release on the ground that he had completed the service of his maximum sentence at the time the application was made, and the order below should be reversed and his application for release from further service of the sentence of April 12, 1927, granted.

In view of the foregoing, it is not necessary to discuss the question as to whether the use of the words " Should I, during the period during which I am on parole, be convicted of a felony within this State " means a verdict on a plea of guilt, judgment pronounced, or merely the admission of guilt or a verdict to that effect without judgment. (See *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249; *Shepherd* v. *People,* 25 N. Y. 406, 419; *Schiffer* v. *Pruden,* 64 N. Y. 47, 52; *People* v. *Fabian,* 192 N. Y. 443, 448; *Commonwealth* v. *Kiley,* 150 Mass. 325, 326.)

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Order reversed on the law, without costs, writ sustained, and the Warden ordered to release relator from custody.