THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALPHONSE DOTE, Appellant, against WALTER B. MARTIN, as Warden of Attica State Prison, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Argued April 19, 1945; decided June 7, 1945.

*George W. Black* and *Edward A. Wolff* for appellant. I. Relator was entitled to be credited with the time spent on parole from the date of his release, March 2, 1936, until declared delinquent November 9, 1937. (*People ex rel. Sormberger* v. *Martin*, 266 App. Div. 48; *People ex rel. Ingenito* v. *Warden, etc., Auburn Prison*, 267 App. Div. 295.) II. Appellant is being held for an additional period of time because of the failure properly to credit him with time legally on parole.

*Nathaniel L. Goldstein, Attorney-General* (*Wortley B. Paul, Wendell P. Brown, Patrick H. Clune* and *Herman N. Harcourt* of counsel), for respondent. Relator is not entitled to credit for the time elapsed between November 9, 1937, the date of the second declaration of delinquency, and April 23, 1940, the date of his recapture. (*People ex rel. Ingenito* v. *Warden, etc., Auburn Prison*, 267 App. Div. 295; *People ex rel. Patterson* v. *Bockel*, 270 N. Y. 76; *People ex rel. Newton* v. *Twombly*, 228 N. Y. 33; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46; *Matter of Magistro* v. *Wilson*, 253 App. Div. 48.)

LEHMAN, Ch. J.   The relator, Alphonse Dote, was convicted of the crime of burglary, first degree, on April 28, 1922, and sentenced to Auburn Prison for not less than thirteen nor more than twenty years.   He was paroled on November 21, 1931. He was declared delinquent as of February 14, 1934, and returned to State prison on March 2, 1934.   He was again paroled on March 2, 1936.   On February 17, 1938, he was again declared delinquent as of November 9, 1937, on a finding that he had " absconded from supervision."   He was not returned to State prison until April 23, 1940.   He pleaded guilty on April 22, 1940, to the crime of violation of section 1694 of the Penal Law upon an indictment found on January 14, 1938, and was sentenced to Attica State Prison for a term of not less than one year nor more than two years upon that plea.   Service of that sentence can begin only after he has served the time owing upon his original sentence.

In July, 1944, the relator obtained a writ of habeas corpus claiming that he had served the maximum term of imprisonment upon both the sentence of thirteen to twenty years imposed upon his conviction in 1922 and the sentence of one to two years imposed upon his plea of guilty in 1940.   In his return to the writ the warden of Attica Prison stated that the relator was " reparoled on delinquent time owing upon the sentence " (imposed in 1922) " on May 12, 1944, to commence serving the sentence " (imposed for his later crime).   The writ was sustained by the justice at Special Term and the warden of Attica Prison was directed to release the relator from custody on the ground that the relator's term of imprisonment of thirteen to twenty years imposed in 1922 could not be extended by a release on parole and subsequent declaration of delinquency and expired not later than twenty years after the sentence was imposed. (Citing *People ex rel. Ingenito* v. *Warden, etc., Auburn Prison,* 267 App. Div. 295, affd. 293 N. Y. 803.)   The order of Special Term was reversed by the Appellate Division and the relator remanded to the custody of the warden.

Upon the declaration of delinquency by the Board of Parole the relator owed the unexpired portion of his original sentence from the date of the delinquency.   (Correction Law, § 218.) He could not be compelled to serve the additional time between the date of his release on parole and the date as of which he was

declared delinquent. He was entitled to credit for that time. (*People ex rel. Ingenito* v. *Warden, etc., Auburn Prison, supra.*) He is not entitled to credit for the time which elapsed between the date of his delinquency as fixed by the Parole Board and the date when he was returned to prison. During that time his absence from the prison was unlawful and he was no longer in the custody of the Board of Parole and the time does not constitute actual or constructive service of his time of imprisonment. An order directing that the relator serve the full term of imprisonment under his sentence does not change or extend that term. The relator does not challenge the validity of the declaration of delinquency and concededly as of the date of the delinquency he still owed four years, two months, and twenty-one days on his original sentence. Service of that time began when he was returned to prison.

In 1944 when the writ of habeas corpus was sustained and the relator released from custody he had not served in full the time owing upon the original sentence at the date of his delinquency and in addition the maximum term of the new sentence. Upon this appeal the appellant does not contend otherwise. His imprisonment is concededly lawful until such service is complete. The order of the Appellate Division dismissing the writ and remanding the relator to custody must therefore be affirmed. The relator, however, contends that the Board of Parole's order or direction that he begin service of his second sentence on May 12, 1944, is based upon an erroneous computation of the time owing upon his original sentence when he was returned to prison. We are told that in making that computation the Board of Parole failed to give credit for the time between the relator's parole and the delinquency which violated the conditions of the parole and that if such credit were allowed the relator would be entitled to discharge from imprisonment in the near future. As we have said, the relator is entitled to such credit, but the question when the relator will be entitled to discharge from custody is not properly presented upon this appeal and the record does not sufficiently disclose the manner in which the time owing has been computed or whether he has received the credit he now claims. Affirmance of the order of the Appellate Division presently remanding the relator to custody does not preclude

the relator from challenging in the future the continuance of such custody after the expiration of service of the maximum terms of imprisonment with credit allowed in accordance with this opinion.

The order should be affirmed.

LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed.