Fuld, J.
In 1942, while on parole, James Watkins, the relator herein, was convicted in the Court of General Sessions of the County of New York as a second felony offender and sentenced to a term of from five to ten years in prison. In 1945, having served approximately three and a half years, he was released on parole. In November of 1949, wMle he was in Texas, a New York State parole violation warrant was lodged against him with the Texas authorities charging him with an act of delinquency committed on November 2. The New York State Board of Parole acted upon the charge at its December meeting and declared Watkins delinquent as of November 2, 1949. He was not, however, taken into custody and, less than a month later, he committed a robbery in Texas and was thereafter convicted of a crime (Texas Penal Code, art. 1408) which, if com *165 mitted within this state, would unquestionably have been a felony.
Following his release from the Texas prison, upon a conditional pardon (the equivalent of a parole), Watkins was returned to prison in this state. The Parole Board and the Department of Correction, concluding that he had committed a felony while “ on parole,” decided that section 219 of the Correction Law was applicable and that the relator was ‘[1] compelled ” to serve the full balance of the term that remained unserved when he was released on parole in 1945.[1] When he left prison at that time, the portion of the maximum term still remaining was upwards of six years and seven months and, accordingly, if section 219 is operative, relator’s term of imprisonment will not expire until September 24, 1960.
The relator, however, arguing that section 219 of the Correction Law does not cover him and that his term has already expired, seeks his immediate release by writ of habeas corpus. More specifically, he urges that, since he had been declared delinquent as of November 2,1949, and, by that token, his parole terminated, he was not ‘ ‘ on parole ’ ’ when he committed the robbery in Texas a month or so thereafter.
The legislature has nowhere provided that a declaration of delinquency terminates parole. What the legislature does provide, in section 218 of the Correction Law, is that, whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the parole board “ shall declare such prisoner to be delinquent and time owed shall date from such delinquency.” The delinquency interrupts the sentence which the prisoner on parole “ is permitted to serve * * * outside of the prison walls ” (People ex rel. Rainone v. Murphy, 1 N Y 2d 367, 373), but it does not terminate the parole so as to render inapplicable the provisions of section 219. The declaration of delinquency does not affect the subject’s status as parolee, for he remains under the board’s jurisdiction and control until he is returned to prison. (See, *166 e.g., People ex rel. Rainone v. Murphy, supra, 1 N Y 2d 367, 373; People ex rel. Lynch v. Murphy, 308 N. Y. 859; People ex rel. Dote v. Martin, 294 N. Y. 330, 332-333.) In other words, until taken into custody, he remains a prisoner “ on parole ” subject to the provisions of section 219.
In contending for a contrary construction, the relator simply fails to realize that section 218 and section 219 are each concerned with a different fact pattern. The former deals with a mere violation of parole and the power of the board to act in such an instance. Section 219, on the other hand, deals with an altogether different situation, the prisoner’s commission and conviction of a felony while “ on parole ” and the effect thereof upon his future confinement. The circumstance that the prisoner has been declared delinquent before he commits the felony cannot immunize him from the heavier consequences provided for in section 219, once he is convicted of that felony.
In brief, then, it is our view, as it was the view of the Appellate Division for the third department in a case precisely like the one before us (People ex rel. Wilson v. Jackson, 2 A D 2d 638), that “ The section [219] cannot sensibly be read to mean that a man who has violated his parole and then committed a felony is to have more favorable treatment than a man who has committed a felony while on parole without previously violating conditions of parole. * * * the commission of a felony made possible by release on parole and before the State has been able physically to retake the prisoner, requires the service of the full maximum sentence unexpired at the time of parole ”.
The order of the Appellate Division should be affirmed.

. Section 219, insofar as relevant, provides that “ if any prisoner, * * * while on parole from a state prison, shall commit a crime under the laws of another state, * * * which if committed within this state would be a felony, and if he shall he convicted of such crime, he shall upon being returned to this state be compelled to serve in state prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole until the expiration of such maximum ”.