Burke, J.
After a conviction of third degree burglary defendant was sentenced to the Elmira Reformatory for an indefinite term with a maximum of 10 years. He served under this sentence until August 29,1941 when he was paroled. While *232 on parole defendant was convicted of a neiv felony and sentenced to a term of 5 to 10 years in State prison. He was declared delinquent by the Parole Board and on March 11, 1942 was sent to State prison. It was decided by the board that defendant should be required to serve one year of the unexpired no minimum Elmira term and then be paroled upon that sentence to allow him to commence serving the remainder of the State prison term. This permitted him to receive credit on the Elmira sentence as a parolee while serving the balance of the State prison term. On June 3, 1943, defendant, as part of this parole agreement, stated in writing that “ I fully realize that any failure on my part to conduct myself in conformity with such rules and regulations, may result in the revocation of my parole and of the permission to start my new sentence.” Thereafter, on August 8, 1946, the prisoner was- paroled from his State prison sentence. Defendant violated his parole, this time by the commission of a misdemeanor for which he was sentenced to the New York City penitentiary for an indefinite term. Having completed this sentence defendant was returned once again to the State prison on March 30, 1948. At this point the Parole Board found that the misdemeanor constituted a violation of both his outstanding paroles and pursuant to section 218 of the Correction Law exercised its discretion in requiring that thenceforth the unexpired term of the prisoner’s Elmira term be served first and then the State prison term.
There is no question that the defendant is not entitled to credit against his Elmira and State prison terms for time served in the city penitentiary pursuant to a misdemeanor conviction. During that time defendant was incarcerated not as a parole violator but simply as a misdemeanant (see Matter of Sperling v. Moran, 277 App. Div. 778, motion for leave to appeal denied 301 N. Y. 816). Obviously, it cannot be said that this interruption of the earlier sentences was accomplished by the Parole Board’s voluntary and unjustifiable conduct (cf. People ex rel. Rainone v. Murphy, 1 N Y 2d 367).
It is equally clear that the board’s exercise of discretion in rescinding its original extension of grace, by which both terms were in effect running concurrently, and requiring that the unexpired portions of those terms run consecutively, was authorized by the Correction Law. By the provisions of section *233 218 of that law the board was empowered to require the prisoner ‘ ‘ to serve out in prison the balance of the maximum term for which he was originally sentenced ”. Nothing more than that was done here.
Our holding in People ex rel. Rainone v. Murphy (supra) is not in point. In the Rainone case we decided only that the Parole Board did not have the power, by its gratuitous act of delivering the prisoner over to Federal authorities for the service of a Federal sentence, to interrupt the running of the prisoner’s State sentence. Here the interruption ensued from the defendant’s violation of parole which induced the Parole Board to rescind its prior mitigation of punishment and to require that he pay the full debt originally imposed upon him by the courts. As pointed out in the Rainone case (supra, p. 373) nothing in our statutes is inconsistent with the legislative grant of authority in section 218 which empowered the Parole Board to do just that.
The order appealed from should be affirmed.