THE PEOPLE OF THE STATE OF NEW YORK ex rel. MADISON SMITH, Appellant, against W. CECIL JOHNSTON, as Director of Dannemora Hospital, Respondent.— Appeal by the relator from a decision of the Supreme Court, Clinton County, denying his petition for a writ of habeas corpus. The relator was sentenced on April 3, 1951 to an indeterminate term with a maximum of three years at the New York City Penitentiary for attempted burglary, third degree. He was paroled on February 11, 1952 by the New York City Parole Commission and on July 1, 1952 arrested by New York City authorities for the commission of a felony. A plea of guilty to attempted grand larceny, second degree, was made and an indeterminate term of from one year, three months to two years in State prison was imposed. It does not appear that the relator was treated as a second offender. He was discharged on July 3, 1954 at the expiration of his maximum sentence and on July 6, 1954 the parole violation warrant, which had been filed by the Parole Commission, was discharged and the relator restored to parole on the 1951 sentence. On October 22, 1954 a parole violation warrant charging the commission of a felony while on parole was filed but the relator was not arrested until November 4, 1954 on the complaint of an individual. He thereafter plead guilty to attempted grand larceny, second degree and was sentenced as a second offender to an indeterminate term of from one year, three months to three years in State prison. He was discharged at the expiration of his maximum term and on October 28, 1957 the warrant charging parole violation was discharged with the relator again being restored to parole on the 1951 sentence. On April 10, 1958 another warrant charging violation was filed by the Parole Commission and on June 6, 1958 the relator was arrested and returned to the New York City Penitentiary owing one year of his 1951 sentence. He was thereafter transferred to Dannemora State Hospital and on June 3, 1959 was committed there as an insane person by the Clinton County Surrogate's Court under section 384 of the Correction Law. It is the relator's contention that his 1951 sentence continued to run and expired in 1954 so that he was illegally in prison in 1959 when committed to the Dannemora State Hospital. Under section 2188 of the Penal Law imprisonment cannot be suspended or interrupted once it has commenced

and it was held in *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367) that once the Parole Board regained custody of the prisoner its action in turning him over to the Federal authorities could not interrupt the running of the sentence for which he had been on parole. The distinction here is that the Parole Commission never regained custody of the relator. Each subsequent arrest was for the intervening felony and not under the warrant filed by the Parole Commission for parole violation. As the court in *Rainone* (*supra,* p. 373) pointed out, "the prisoner himself may interrupt the sentence by escape from prison or by violation of parole". When the relator in 1952 and 1954 was arrested and each time sent to State prison it was not as a parole violator but for the commission of a felony and it was his own actions and not those of the Parole Commission that interrupted the running of his 1951 sentence (cf. *People ex rel. Kenny* v. *Jackson,* 4 N Y 2d 229, 232). Subdivision 2 of section 2190 of the Penal Law provides that when a person under sentence for a felony is sentenced for the commission of another felony the latter term shall not begin until the expiration of the former. The obvious purpose being to prevent such sentences from running concurrently. While the second and third sentences were served here before the expiration of the first the Parole Commission did not have custody of the relator at the time the subsequent sentences were imposed and these sentences were to State prisons which are under the jurisdiction of the State Board of Parole. The procedure followed here was sanctioned in *People ex rel. Singer* v. *Parole Commission* (172 Misc. 423, affd. 259 App. Div. 804). Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.