**UNITED STATES of America**

v.

**Alfred DUMEUR, a/k/a Alfred Duneur and Joseph Ross, Defendants.**

United States District Court
S. D. New York.

Feb. 11, 1963.

Philip Weinberg, Asst. Atty. Gen. of New York, New York City, for State of New York.

Louis Kaye, New York City, for defendants.

BONSAL, District Judge.

The defendant, Alfred Dumeur, has been indicted in this Court on three counts charging violations of the narcotic laws, 21 U.S.C. §§ 173, 174. The defendant is presently incarcerated in a Federal prison. Bail pending trial has been set in the amount of $5,000. The defendant states he is able to post this bail, but cannot obtain his freedom from custody because of a warrant lodged as a detainer by the New York State Division of Parole. The defendant, now in Federal custody, seeks by an application for a writ of habeas corpus to test the validity of the State's warrant.

The defendant commenced serving a seven to fourteen year sentence imposed by a State court on July 31, 1946. The maximum expiration date of this sentence would have been March 12, 1960. However, following his release on parole in January 1951, the defendant allegedly absconded from parole supervision on August 11, 1954. Various efforts, without success, were made by the Parole officer to locate the defendant. On September 2, 1954 the defendant was declared delinquent as of August 11, 1954 by order of a member of the Board of Parole. A parole violation warrant was issued, and it is this warrant which is presently lodged as a detainer against the defendant.

**294**

■ Initially, the defendant contests the validity of the State's warrant and asks this Court to pass upon it. This Court will not pass upon the merits of a State process until the State itself has had an opportunity to consider it. No application to State authority has been made. The defendant argues, however, that it is impossible for him to contest the detainer in the State courts while a Federal prisoner. Therefore, he states, there is presently available no adequate State remedy and his application should be entertained in a Federal court. However, habeas corpus will not lie if the person seeking the writ is not in the physical custody of the official or authority to whom the writ is directed. Moreover, the writ is not available to test the legality of a detention threatened in the future, which is, at most, what the detainer here amounts to. Whiting v. Chew, 273 F.2d 885 (4th Cir.) cert. den. 362 U.S. 956, 80 S.Ct. 872, 4 L.Ed.2d 873 (1960); Crow v. United States, 186 F.2d 704, 706 (9th Cir., 1950); cf. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). The Court is mindful of the Supreme Court's recent decision in Jones v. Cunningham, 83 S.Ct. 373, holding that a State prisoner on parole is "in custody" within the meaning of the habeas corpus statute, 28 U.S.C. § 2241 et seq. However, unlike Jones, the defendant here is not now in State custody, nor has he contested his parole through the State courts.

■ Even assuming that this Court has sufficient jurisdiction to determine the *prima facie* validity of the State warrant, the defendant must still fail. The affidavit of the State Parole Officer assigned to defendant's case makes it clear that he was justified in his belief that the defendant was a parole violator. Sections 216 and 218, the Correction Law of New York, McKinney's Consol.Laws, c. 43, state that upon such belief a warrant may be issued for the retaking of the paroled prisoner. If the Board of Parole declares the prisoner delinquent, the running of his sentence is interrupted and does not resume until the prisoner is retaken. People ex rel. Dote v. Martin, 294 N.Y. 330, 62 N.E.2d 217 (1945). Since the defendant had been declared delinquent in 1954 and he continued at large until 1962, the running of his sentence was interrupted and it will not expire until some future date.

■ The Court will not inquire beyond this initial determination of the *prima facie* validity of the detainer. The ultimate facts concerning the Parole Board's declaration of delinquency and other factors bearing upon the defendant's status before them are left to State adjudication.

■ The defendant also attacks the detainer lodged against him as an unlawful interference by the State of New York with Federal authority.

"The question now looms very significantly as to whether a sovereign jurisdiction such as the State of New York has the power at this time to restrain the operation of a Federal court order discharging a defendant on bail * * *" (p. 25, Defendant's Brief.)

The defendant sees the detainer as "an attempt by the State Division of Parole to flaunt and to abjure the mandate of this court fixing bail * * *" The defendant states that he is entitled "to be discharged and to be at large" on the bail fixed by this Court, and as "the rights of the United States Government are paramount to that of the State, and if the State is in conflict, it must wait until the Federal case is over * * *" (p. 17, Defendant's Brief.)

It is, unfortunately, abundantly clear that the defendant has misconstrued the relationship between the Federal and State systems. The defendant has the right, upon posting bail in the Federal court, to go free of Federal custody. He is not granted immunity from the operation of the laws of the State in which he finds himself. The order of this Court fixing bail on defendant's Federal charge is not offended, if having once been released from Federal custody, the State authorities proceed immediately to

take him into custody under a detainer on an unrelated matter. On the record here, no federally protected right of the defendant is shown to have been abridged, and no order of this Court has been thwarted.

The defendant's application for a writ of habeas corpus is denied.

So Ordered.