## Edgar DALTON

### v.

### WARDEN, MARYLAND PENITENTIARY and the State of Maryland.

### Civ. A. No. 14580.

United States District Court
D. Maryland.

April 16, 1963.

Certiorari Denied May 27, 1963.

See 83 S.Ct. 1550.

No counsel appearing—not heard in court.

R. DORSEY WATKINS, District Judge.

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus challenging the action of the Maryland Board of Parole and Probation (the Board) which, after revoking petitioner's parole, granted him credit on the remainder of the sentence originally imposed for five years of time spent on parole pursuant to Article 41, section 115 of the Annotated Code of Public General Laws of Maryland, 1957 Edition.

Petitioner was convicted of robbery in the Criminal Court of Baltimore City on April 11, 1944 and sentenced to twenty years, his maximum expiration date being April 11, 1964. He was first released on parole on June 19, 1947. In February of 1950 he was sentenced by a North Carolina State Court to serve fifteen years in the Raleigh State Prison for robbery. The Maryland Board obtained a detainer for petitioner which was lodged against him with the North Carolina authorities. On April 6, 1960 petitioner was returned to the Maryland Penitentiary for violation of parole. His maximum expiration date was revised to January 28, 1977. On June 6, 1960 he was released on parole for the second time. On January 5, 1961 petitioner was returned to the Maryland Penitentiary on a warrant for the retaking of a paroled prisoner, his maximum expiration date being revised to August 29, 1977. On February 21, 1961 a hearing was held before the Board and revocation of parole ordered with petitioner being given credit on the remainder of the sentence originally imposed for five years of time "spent on parole from June 19, 1947". His present maximum expiration date is now August 29, 1972.

Stated succinctly petitioner contends that he should have been credited for all the time spent in prison in North Carolina, a period of ten years and two months; that if he had received such credit his release date would have been approximately February 1961; and that, his sentence having already expired, he is now being illegally detained. Urging the same grounds, petitioner has previously sought relief by way of petition for a writ of habeas corpus filed in the Baltimore City Court. That petition was denied on December 18, 1962 by Judge Meyer M. Cardin who stated:

"The Law of Maryland provides at *Article 41, Section 115, of the Annotated Code of Maryland,* that the Board of Parole and Probation shall, within its discretion, allow credit for time spent on parole in the event of re-commitment. The action of the Board in denying the petitioner credit for the time he has spent on the street while he was on parole was within the Board's discretion and is not subject to review in habeas corpus proceedings. See Forrester vs. Warden, 207 Md. 622 [114 A.2d 44] Schmidt vs. Warden, 212 Md. 637 [128 A.2d 903]. Even assuming such a point could be raised on habeas corpus, it has been held that this statute is not unconstitutional, see Hall vs. Warden, 211 Md. 661 [128 A.2d 280]."

Petitioner having exhausted his state remedies is now properly before this court. (Art. 42, section 6, 1957 Edition, Annotated Code of Public General Laws of Maryland providing for appeals in habeas corpus proceedings having been repealed effective June 1, 1958; Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837).

Petitioner amplifies his basic contention by attacking the constitutionality of Article 41, section 115 of the Annotated Code of the Public General Laws of Maryland, 1957 Edition, on the grounds that (1) the discretionary authority conferred upon the Board to grant credit for time spent in the community under parole

supervision in whole or in part gives to an administrative body under the executive department, the legal power to suspend the service of a sentence originally imposed by the judicial branch of the Government in violation of the Federal Constitution and of Article III, Section 60 of the Constitution of Maryland which provides "The General Assembly of Maryland shall have the power to provide by suitable general enactment (a) for the suspension of sentence by the Court in criminal cases; * * * and (c) for the release upon parole in whatever manner the General Assembly may prescribe, of convicts in prison under sentence for crimes"; (2) the "presumption" in Section 115 that the parolee shall not receive prison credit for the time spent in the community under the Board's supervision subjects a parolee to a law denying him penal credit for time served, while men not subject to parole provisions automatically receive such credit and hence is a denial of due process and equal protection of the laws; and (3) the discretion given to the Board to grant credit for time spent in the community under parole supervision or for such part thereof as to the Board may seem fair and just under the circumstances is an arbitrary delegation to an administrative body of a "power of a penal nature which in effect may punish the recipient of a criminal sentence or revise a criminal sentence imposed by the court or suspend the service of a sentence in sequence."

█ █ Considering these contentions in order it is clear that, first, the provisions of the Maryland parole revocation statute do not contemplate a suspension of an imposition or service of sentence. The Supreme Court of the United States in construing a similar provision of the Federal parole statute, which statute is more stringent than the Maryland statute in that the Federal statute provides that in every instance a parole violator may *not* receive credit on his sentence for "street time", stated:

"Mere lapse of time without imprisonment or other restraint contemplated by the law does not constitute service of sentence. Escape from prison interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term. [citations omitted] The parole authorized by the statute *does not suspend service* or operate to shorten the term." (Anderson v. Corall, 1923, 263 U.S. 193, 196, 44 S.Ct. 43, 44, 68 L.Ed. 247; emphasis supplied).

The court further held that a subsequent conviction, sentence and confinement for an offense committed while on parole interrupted service under the original sentence and "was in legal effect on the same plane as an escape from the custody and control of the warden." Any question concerning Section 115 of Article 41 violating the Constitution of Maryland should be addressed to the state courts of Maryland.

█ Secondly, the Supreme Court of the United States has consistently held that a Federal prisoner who, while on parole, commits a subsequent offense and is incarcerated either in a state penitentiary for a state offense or in a Federal penitentiary for a federal offense may be required to serve the unexpired portion of his first sentence after the expiration of his second sentence without receiving any credit for the time served under the second sentence. (Anderson v. Corall, 1923, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399). If the more stringent provisions of the Federal parole statute have been applied by the Supreme Court of the United States and have been found constitutional by the various Circuit Courts of Appeal called on to determine the constitutionality of the Federal statute, a fortiori the Maryland statute which confers upon the Board discretionary authority to grant credit in whole or in part for time spent in the community under the Board's supervision should be held constitutional. At this point it should be noted that petitioner admits that the Board "did grant full credit for time

served under parole supervision" which is all that the Board is authorized to do under Section 115 of Article 41. The petitioner's complaint is that the Board "granted only a portion of the time the petitioner served in Raleigh State Prison." Had the petitioner's second offense been committed in Maryland and not in North Carolina the Board would have had no authority to grant him credit for time served for the subsequent offense, such authority in effect being vested in the judge imposing the second sentence. Article 41, Section 125 provides:

> "Whenever any paroled prisoner shall be convicted of any crime committed while on parole, and shall be sentenced as a penalty therefor, to an additional period of incarceration in any institution within this State, the time to be served on the original term shall run consecutive to such new sentence, and be served in confinement prior to the beginning of such new sentence, unless expressly ordered to the contrary by the judge imposing such new sentence. If the crime is committed in another state, the Board of Parole and Probation shall file with the warden or superintendent of the penal institution in such other state in which such paroled prisoner may be confined in penalty thereof, a declaration of violation of parole to serve as a detainer upon his release from such institution. (An.Code, 1951, § 101; 1939, § 84; 1939, ch. 406, § 55A; 1953, ch. 625, § 1.)"

This section was applied in State ex rel. Justice v. Warden, 1953, 203 Md. 651, 97 A.2d 906 (an opinion by present Chief Judge Sobeloff of the Court of Appeals for the Fourth Circuit, then Chief Judge of the Maryland Court of Appeals) and the balance of petitioner's original sentence held to run consecutively to the sentence for an offense subsequently committed in Maryland while petitioner was on parole. The court can find no merit to the contention that the here challenged action of the Board in granting petitioner full credit for time served under parole supervision and part credit for time served on a subsequent sentence for a new offense denied petitioner due process or equal protection of the laws. He was the gratuitous beneficiary of quite liberal treatment.

[4] Thirdly, petitioner's broadside attack on the constitutionality of Section 115 of Article 41, including charges that said section by extending or increasing his sentence constitutes a denial of due process and equal protection that amounts to double jeopardy or cruel and unusual punishment and is violative of the Constitution as a bill of attainder, is fully answered by Judge Northrop's thorough and carefully considered opinion in Woods v. Steiner, 1962, D.C.D.Md., 207 F.Supp. 945. After extended deliberation Judge Northrop upheld the constitutionality of Article 41, Section 115. This judge is in complete accord with Judge Northrop's reasoning and conclusions.

■■ Finally, the petition contains several vague allegations of unfairness on the part of the Board. This court has no general supervision over the actions of the Board and should assume jurisdiction only when the petitioner alleges *facts* which tend to show that some right of the petitioner under the Federal Constitution has been denied. Petitioner has stated:

> "Were the circumstances which influenced the Board, known in open court the question of flagrant abuse of discretionary power would have been brought to the attention of the Court; with the *possible* conclusion being the Board did not act in a fair and just manner concurrent with the responsibilities of office." (Emphasis supplied).

> "The latitude in the parole act, which permits the exercise of discretionary power, encourages the Parole Board to abuse the power given to them by the Maryland General Assembly; and in cases such as petitioner's, judgment of a discretionary nature is employed but is clouded by prejudice and personal resentment—

thereby denying petitioner equal protection under the law."

Such vague, general and uncertain charges, without specification or particularization as to what circumstances influenced the Board, as to what constituted a flagrant abuse of discretionary power or as to what evidenced prejudice and personal resentment, do not justify or require that an Order to Show Cause be issued and served on the Attorney General of Maryland, or that any hearing be held.

The petition for a writ of habeas corpus is hereby denied.

Leave to file in forma pauperis is hereby granted.

The Clerk is directed to send a copy of this memorandum opinion and order to the petitioner.