UNITED STATES of America ex rel.
Paul CALLENS, Relator,

v.

Honorable Francis I. BUONO, Warden of
New York City Correction Center
for Men, Respondent.

No. 66 Civ. 2380.

United States District Court
S. D. New York.

Oct. 28, 1966.

Paul Callens, pro se.

J. Lee Rankin, Corporation Counsel of City of New York, New York City, for respondent; Francis J. McNamee, Asst. Corporation Counsel, of counsel.

OPINION

WEINFELD, District Judge.

On August 27, 1963 petitioner was convicted upon his plea of guilty of attempted grand larceny in the second degree and sentenced to the New York Penitentiary for an indefinite term not to exceed three years. On August 25, 1964, after he had served approximately one year of this sentence, he was paroled. While on parole, on March 6, 1965, he was arrested on a charge of grand larceny, and a warrant for violation of parole was issued and lodged against him. On September 15, 1965 petitioner was convicted of the grand larceny charge upon his plea of guilty and sentenced as a second felony offender to a term of from one year and three months to one year and six months. He served this sentence at Sing Sing and upon his release on parole on July 1, 1966 was immediately taken into custody by the New York City Parole

Commission under the warrant lodged against him on the parole violation of the 1963 sentence.

This action of the Parole Commission in taking him into custody on July 1, 1966, petitioner contends, violated his federal constitutional rights.[1] While the claim is not clearly articulated, in substance he alleges a denial of due process under the Fourteenth Amendment. Petitioner in effect contends that during the period he was enlarged on parole he was serving his original sentence, and further that since he was thereafter in custody from the date of the issuance of the parole warrant, March 6, 1965, to July 1, 1966, the date of his release under the second sentence, he continued to serve his original sentence, and accordingly his original sentence has been fully served; that now to make him serve the unexpired portion of his first sentence is a denial of due process and constitutes double punishment for a single offense.[2]

The state contends that the issuance of the warrant on March 6, 1965 "stopped" the time which petitioner was then serving; that he then owed one year and twenty-one days on the 1963 sentence, and that this time was in abeyance while he served the 1965 sentence.

The petitioner's claim of violation of federally protected constitutional rights is without substance. A state, granting parole to a prisoner lawfully sentenced to a prison term, has the right to impose conditions of the parole, including a requirement that in the event of violation the parolee shall serve the balance of his original sentence independently of any sentence imposed for any intervening conviction. To require petitioner, who violated the conditions of his parole by committing another crime while enlarged, to serve the unexpired portion of his original sentence runs afoul of no federal constitutional right or prohibition. It certainly does not constitute cruel and unusual punishment,[3] nor is it a denial of due process[4] or double jeopardy.[5]

1. Before commencing this proceeding, petitioner applied to the New York Supreme Court, Kings County, pursuant to Article 78 of the New York Civil Practice Law and Rules to vacate the warrant for violation of parole. The application was denied. People v. Callens, Ind. No. 943, Sup.Ct. Kings Co., July 14, 1966. See People ex rel. Smith v. Johnston, 11 App. Div.2d 834, 203 N.Y.S.2d 48 (1960); People ex rel. Kenny v. Jackson, 4 N.Y. 2d 229, 232–233, 173 N.Y.S.2d 591, 149 N.E.2d 877 (1958); People ex rel. Dote v. Martin, 294 N.Y. 330, 333, 62 N.E.2d 217 (1945). But see People ex rel. Rainone v. Murphy, 1 N.Y.2d 367, 373, 153 N.Y.S.2d 21, 135 N.E.2d 567 (1956). Since it appears that he did not seek permission to appeal the order denying his application, see N.Y. CPLR § 5701(b) and (c), there is an issue here as to whether he has exhausted his state remedies. Since this court dismisses his petition on the merits, it does not consider the exhaustion issue.

2. Petitioner was credited with the time from his release on parole to the date of the issuance of the warrant for violation. See People ex rel. Dote v. Martin, 294 N.Y. 330, 332–333, 62 N.E.2d 217 (1945); People ex rel. Ingenito v. Warden, 267 App.Div. 295, 46 N.Y.S.2d 72 (4th Dep't), aff'd, 293 N.Y. 803, 59 N.E. 2d 174 (1944).

3. E.g., Dalton v. Warden, 216 F.Supp. 600, 603 (D.Md.), cert. denied, Bosler v. Dalton, 373 U.S. 942, 83 S.Ct. 1550, 10 L.Ed. 2d 697 (1963); Woods v. Steiner, 207 F. Supp. 945, 952 (D.Md.1962); nor is it a bill of attainder, Woods v. Steiner, supra; Dalton v. Warden, supra.

4. E.g., United States ex rel. Meiner v. Ragen, 199 F.2d 798, 800 (7th Cir. 1952); Miller v. Gladden, 228 F.Supp. 802, 803–804 (D.Oreg.1964), aff'd, 341 F.2d 972 (9th Cir. 1965); Dalton v. Warden, 216 F.Supp. 600, 603 (D.Md.), cert. denied, Bosler v. Dalton, 373 U.S. 942, 83 S.Ct. 1550, 10 L.Ed.2d 697 (1963); nor does it constitute a denial of equal protection, Miller v. Gladden, supra; Dalton v. Warden, supra.

5. E.g., Dalton v. Warden, 216 F.Supp. 600, 603 (D.Md.), cert. denied Bosler v. Dalton, 373 U.S. 942, 83 S.Ct. 1550, 10 L. Ed.2d 697 (1963); Woods v. Steiner, 207 F.Supp. 945, 952 (D.Md.1962).

The state's procedure here followed is constitutionally permissible to it,[6] as it is to the Federal Government.[7]

The petition for a writ of habeas corpus is denied.

**6.** United States ex rel. Meiner v. Ragen, 199 F.2d 798, 800 (7th Cir. 1952); Miller v. Gladden, 228 F.Supp. 802 (D.Oreg. 1964), aff'd, 341 F.2d 972 (9th Cir. 1965); Dalton v. Warden, 216 F.Supp. 600, 602–604 (D.Md.), cert. denied, Bosler v. Dalton, 373 U.S. 942, 83 S.Ct. 1550, 10 L.Ed.2d 697 (1963); Woods v. Steiner, 207 F.Supp. 945, 948–954 (D.Md. 1962). Cf. Johnson v. Rhay, 266 F.2d 530, 533–534 (9th Cir. 1959).

**7.** See 18 U.S.C. §§ 4205, 4206, 4207, 4164, construed by the Supreme Court in Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L. Ed. 247 (1923); and see Doherty v. United States, 280 F.2d 35 (9th Cir.

1960); and held constitutional in Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954); Hedrick v. Steele, 187 F.2d 261 (8th Cir. 1951); Dolan v. Swope, 138 F.2d 301 (7th Cir. 1943). See also, Howard v. United States, 274 F.2d 100 (8th Cir.), cert. denied, 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525 (1960); O'Neal v. Fleming, 201 F.2d 665 (4th Cir. 1953); Hall v. Welch, 185 F.2d 525 (4th Cir. 1950); Evans v. Hunter, 162 F.2d 800 (10th Cir.), cert. denied, 332 U.S. 818, 68 S.Ct. 144, 92 L.Ed. 395 (1947); Chandler v. Johnston, 133 F.2d 139 (9th Cir. 1943); Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938). Cf. United States v. Vann, 207 F.Supp. 108 (E.D.N.Y.1962).