Richard J. Shay, J.
In his application for a writ of habeas corpus, the petitioner challenged the constitutionality of the New York statutory procedures established in relation to conditional release from an indeterminate prison sentence.
Petitioner was sentenced on February 28, 1968, to an indeterminate term of imprisonment having a statutory minimum of one year and a maximum of three years. At the time of sentencing he had been in custody (jail) on the subject charge since October 31, 1967. On the face of the situation, his maximum release date would have been on or about October 29, 1970. *841 (Penal Law, § 70.30, subd. 3.) On November 14, 1969, however, petitioner was released from confinement on a conditional release. (Penal Law, § 70.40, subd. 1, par. [b].) Subsequent thereto the petitioner’s release was revoked, apparently by virtue of an alleged violation of the conditions. In accordance with the statutory provisions, the “ street time ” during which the conditional release was in effect, was not credited against the maximum term required to be served. Hence, instead of a release date on or about October 29, 1970, the petitioner now is not scheduled for release until March 5, 1971, or some 128 days later.
Before obtaining a conditional release a prisoner must request such treatment and* sign a “ contract ” in which he acknowledges an understanding that he will not receive credit for “ street time” in the event of a violation. (Correction Law § 805; renumbered, § 212.) This requirement is what this petitioner challenges and makes the further and more important claim that he should have been entitled to the advice of counsel at this “critical stage” and/or upon the revocation of his conditional release.
The petitioner’s most basic complaint is that he is now held beyond the maximum time contemplated by the sentencing court, not by any process or mandate, nor by any final order, judgment or decree of a competent tribunal of civil or criminal jurisdiction, court or Judge. The question presented is, apparently of first impression and involves the immediate liberty of this petitioner.
Because no disputed issue of fact is involved, an order to show cause was issued (CPLB 7003, subd. [a]) and argument heard on December 4, 1970. The venue is laid in Cortland County because the petitioner was physically present in this county at the time of his application and the issuance of the show cause order. (CPLB 7004, subd. [c].) This was by virtue of an earlier direction of this court that he be produced here for an evidentiary hearing necessitated by a question raised in a coram nobis proceeding now determined. The timing of the filing of the application was dictated, apparently, by the fact that the key date of October 29, 1970 occurred during the period the petitioner was being held in the Cortland County Jail on loan from the Auburn Correctional Institution, the argument being that until such date there could be no claim of illegal detention. Although, for a number of reasons, the matter might better have been heard in Cayuga County, I have retained jurisdiction because if the petitioner is entitled to be released that procedure should be accomplished as soon as pos *842 siible and further, because I can find no statutory or other authority upon which I, as a County Judge, could make the matter returnable in another county.
To begin with I think it is fair to say I have generally a ‘ ‘ gut ’ ’ reaction against a procedure which, without allowing counsel, extends a maximum term of imprisonment beyond the date contemplated by the sentencing court. This is not a situation where a prisoner has .removed himself from “custody,” constructive of actual, by escaping or absconding and, in such cases, I would agree that the original date of maximum expiration has no continuing efficacy for reasons too obvious to list. "Where, however, a prisoner remains in custody, albeit constructive; transgresses in some manner; is returned to actual custody; denied counsel at this point and thereafter is refused credit for his “ street time,” I find great difficulty in reconciling this with my concept of due process. If it is agreed, and I find that it unanimously is (People ex. rel. Dote v. Martin, 294 N. Y. 330; People ex. rel. Rainone v. Murphy, 1 N Y 2d 367) that a prisoner continues in the custody of the Department of Correction while on parole or conditional release status, then, when a revocation occurs if credit for this street time is not given, the individual is, in effect, being sentenced, administratively, to spend time in custody in excess of that judicially imposed. The denial of the opportunity to be represented by counsel, at least at the stage of the revocation, is the most troublesome issue before this court.
Were we dealing with counsel-less revocation of “pure” parole, it would seem that I would be bound by the decision of .the Appellate Division of this Department in People ex. rel. Brock v. La Vallee (33 A D 2d 722). This, even though the petitioner’s custody by the Department of Correction might be said to be in the Fourth Department, where, in People ex. rel. Combs v. La Vallee (29 A D 2d 128, app. dsmd. 22 N Y 2d 857) that Appellate Division came to a different conclusion. The Second Department apparently agrees with the Third (People ex. rel. Smith v. Deegan, 32 A D 2d 940) although Justice Hopkins’ concurring memorandum in the Smith case most persuasively distinguishes situations in which counsel should be allowed. The same Justice was constrained to dissent in a later case on this subject (People ex. rel. Allen v. Follette, 33 A D 2d 1051) and again his memorandum is most incisive. The First Department in Matter of Menechino v. Board of Parole (32 A D 2d 761) would also seem to preclude counsel at a revocation hearing but the unanimous opinion in this case recites special circumstances including the prisoner’s admission of *843 violation and failure to request counsel. (Query: Would the decision differ had there been no admission or if there had been a request 1) In fact, I would say even the Third Department was somewhat reluctant in Brock (supra).
In our Court of Appeals the right to counsel at the time of a parole release hearing has been rejected (Matter of Briguglio v. New York State Bd. of Parole, 24 N Y 2d 21) but the court seemingly took great pains to point out by footnote that they were not reaching the question of this right at a parole revocation hearing. No reported authority could be found dealing specifically with the conditional release from an indeterminate term.
In summary then we are faced with a statute proscribing the assistance of counsel at any stage of the parole process; numerous conflicting opinions by eminent jurists ('See dissent by Chief Judge Ftjld in People v. Simons, 22 N Y 2d 533, 545: “ I am inclined to the view that a parolee is also entitled to be represented in a parole revocation proceeding ”) and courts; silence on the part of the Court of Appeals ¿relative to “ pure ” parole revocation; a first impression situation, at least as far as conditional release is concerned and the general dictate against a court of the first instance presuming to declare legislation unconstitutional (National Psychological Assn. for Psychoanalysis v. University of State of New York,. 18 Misc 2d 722, affd. 10 A D 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 U. S. 298). To this dilemma, however, must be added the plight of the petitioner confined more than a month past the original date of maximum imprisonment.
If this were simply a question of “ pure ” parole revocation, bound as I am by the decision of the Appellate Division, Third Department in Brock (supra) I would defer to the wisdom of the Legislature or to a higher court. In such a situation, the term originally imposed would not have expired. Here, however, the .liberty of the petitioner depends on my decision and, in balancing the harm which might be done to him if I sidestepped the issue, against the consternation I will cause many others, I must take the position that the denial of the right to counsel at a revocation hearing involving a conditional release is a violation of due process. (N. Y. Const;, art. I, § 6; U. S. Const., 14th Arndt.)
I should note that I have reviewed countless decisions of the various Federal courts (among them: Menechino v. Oswald 430 F. 2d 403 [Second Circuit]; Earnest v. Willingham, 406 F. 2d 681 [Tenth Circuit]; Rose v. Haskins, 388 F. 2d 91 [Sixth Circuit]; Jones v. Rivers, 338 F. 2d 862 [Fourth Circuit]; *844 Hyser v. Reed, 318 F. 2d 225 [D. C. Circuit]), am mindful of the similarity between basic Federal parole (U. S. Code, tit. 18, § 4205) and New York’s conditional release and find prevailing dicta that no constitutional right to counsel attaches to a revocation hearing. Nevertheless there are differences of opinion (cf. dissent of Judge Feinberg in Menechino v. Oswald, supra), no Supreme Court pronouncement and, because of Federal Administrative Buies allowing counsel at revocation hearings, not the practical problem faced here. I deem that due process of law requires representation by counsel in a situation where the decision of an administrative board may well result in total custodial restraint in excess of that directed by a sentencing court. I find the situation not unlike the deferred sentencing procedures described in Mempa v. Rhay (389 U. S. 128) where the Supreme Court agreed that counsel is required at every stage of a criminal proceeding where substantial rights may be affected, and determined that a probation revocation hearing is such an occasion. I can see little argument against the proposition that the revocation of a conditional release is a stage at which substantial rights (here 128 days of liberty) are affected.
- This decision as one finally determinative of a proceeding is subject, of course, to appeal. If petitioner had not served past the original maximum expiration date I would order that he be .returned to the Auburn facility and be provided with the opportunity to have counsel present at a new hearing to be held within a reasonable time. The fact of the matter, however, is that such a procedure might well mean actual incarceration through the March 5, 1971 date and would be simply an exercise in futility. It is possible that an appellate court might disagree entirely with this decision and remand the petitioner to the custody of the Department of Correction to serve out the time it is claimed he still owes. It is also possible that such a court might agree to the point of directing a new hearing on the revocation question with the right of counsel and the result of that might also be a remand to custody.
Such future possibilities would obviously be onerous to the petitioner and complicated for Department of Correction. Be that as it may, the effect of this decision is that petitioner is entitled to his immediate release and, although again observing the administrative complications release at this point will cause, I am compelled to direct the Sheriff of the County of Cortland to release this petitioner from his custody.