UNITED STATES of America ex rel.
Frank JOHNSON, Petitioner,

v.

Hon. Harold W. FOLLETTE, Warden,
Green Haven Prison, Stormville,
N. Y., Respondent.

No. 70 Civ. 1485.

United States District Court,
S. D. New York.

Dec. 9, 1970.

Frank Johnson, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent.

OPINION

EDELSTEIN, District Judge.

Petitioner, presently confined at Green Haven State Prison in New York State, was convicted after a jury trial in the Court of General Sessions, New York County, of robbery in the first degree. On April 27, 1948, he was sentenced to a term of not less than ten nor more than twenty years. If served without interruption, this sentence, at its maximum, would have expired in 1968 and petitioner today would be a free man. However, it appears that at various times since 1948 petitioner was released on parole and then afterwards was returned to prison as a parole delinquent. Under New York law a declaration of delinquency by the board of parole interrupts the running of a person's sentence until he is returned to prison pursuant to that sentence. *See,* N.Y. Penal Law § 70.40 (McKinney's Consol. Laws, c. 40) (1967); N.Y. Correction Law § 218 (McKinney's Consol.Laws, c. 43, 1968). Thus, as a result of his parole violations, petitioner remains imprisoned beyond the original maximum expiration date of his sentence. The single issue [1] raised by this petition for a writ of habeas corpus is whether or not this continued incarceration violates petitioner's Fourteenth Amendment right to due process of law.[2] The court holds that it does not.

1. Included in the instant petition is a brief request by petitioner that this court "look into" the fact that at various times different counsel assigned to petitioner failed to file notices of appeal. The court cannot simply investigate a matter on petitioner's behalf. If petitioner has some basis for asserting a claim other than the one which he presses in this petition he should file an appropriate application in the appropriate court.

2. This issue properly may be decided here since it appears that petitioner has exhausted his state remedies in regard to

the question presented. The issue was raised in a petition for a writ of habeas corpus filed with a Special Term of the Supreme Court of the State of New York held in Dutchess County. After a hearing the writ of habeas corpus was dismissed on November 25, 1968. This judgment was affirmed on October 15, 1969, by the Appellate Division, Second Department, 33 A.D.2d 657, 306 N.Y.S.2d 406. Thereafter, on February 19, 1970, the Appellate Division denied the petitioner leave to appeal to the Court of Appeals.

Parole is designed " * * * to permit a deserving prisoner to leave prison before the expiration of his term and to serve out its balance while living in the community." Parole is a matter of legislative grace and " * * * its being granted may be coupled with such conditions as reasonably might be expected to assure its success." Woods v. Steiner, 207 F.Supp. 945, 951 (D.Md.1962). One of the conditions which lawfully may be imposed upon the parole of a prisoner is that in the event that he violates the terms of his parole he may be required to· return to prison to serve the unexpired portion of his original sentence without having deducted therefrom all or part of the time which he spent on parole. This requirement does not abridge any of the prisoner's constitutional rights. United States ex rel. Callens v. Buono, 260 F.Supp. 313 (S.D.N.Y.1966); Woods v. Steiner, *supra.*

It is to be noted that the federal parole scheme is stricter than the New York scheme in connection with the credit given to a parole delinquent. In New York a parole delinquent receives credit for the period during which he observed all of the conditions of his parole. In contrast, when a federal parolee becomes delinquent, credit for any time at all spent on parole is completely lost to him. Thus, upon his return to prison a federal parole delinquent must serve the full unexpired term of imprisonment to which he was originally sentenced regardless of how long he was on parole without being delinquent. 18 U.S.C. § 4205 (1964). This federal scheme has withstood attacks on federal constitutional grounds in many cases. Canavari v. Richardson, 419 F.2d 1287 (9th Cir. 1969), and cases cited therein; Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954). It would seem that if the federal statute is constitutional, then *a fortiori,* the New York scheme does not violate any federal constitutional right. Dalton v. Warden, 216 F.Supp. 600, 602 (D.Md.), cert. denied Bosler v. Dalton, 373 U.S. 942, 83 S.Ct. 1550, 10 L.Ed.2d 697 (1963).

Petitioner argues that when sentence was imposed upon him in 1948 a maximum expiration date of twenty years hence was also fixed by the court at the same time. Petitioner also argues that his imprisonment beyond that expiration date is unlawful in the absence of a new sentence. This contention was fully considered and rejected by Judge Northrop in his cogent opinion concerning the Maryland parole statute. Woods v. Steiner, 207 F.Supp. 945 (Md.1962). The Judge reasoned that all judges, state and federal, are aware at the time of sentencing that a prisoner may be paroled, that the conditions of his parole may be violated, " * * * and that this violation might extend the parolee's imprisonment beyond an expiration date arrived at by the simple arithmetical process of adding the term of the sentence to the date upon which its service is to commence." 207 F.Supp. at 950. Thus, Judge Northrop held that the imposition of sentence does not as well set the precise termination date of that sentence. This court agrees with Judge Northrop's conclusion.

The petition for a writ of habeas corpus is dismissed.

So ordered.