873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James S. HARRIS, Plaintiff-Appellant,
v.
Marjory JENNINGS; Arnold J. Hopkins, Defendants-Appellees.
James S. HARRIS, Plaintiff-Appellant,
v.
Marjory JENNINGS; Arnold J. Hopkins, Defendants-Appellees.
 Nos. 88-7247, 88-7333.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 10, 1989.
Decided: April 14, 1989.
Rehearing Denied Aug. 16, 1989.
 
 James S. Harris, appellant pro se.
 George Albert Eichhorn, III, John Joseph Curran, Jr. (Office of the Attorney General of Maryland), for appellees.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Harris, a Maryland inmate, appeals from the district court orders denying his motion for leave to proceed with discovery and to a jury trial and granting the defendants' motion for summary judgment in an action filed pursuant to 42 U.S.C. Sec. 1983. Harris presented three claims for relief: the total time he was out on parole should have been credited towards his sentence after his parole was revoked, he was deprived of good-time credit without due process, and his housing conditions were unconstitutional. Our review of the record and the district court opinion discloses that these claims, and hence these appeals, are without merit.[1]
 
 
 2
 Harris's parole was revoked because he had stopped reporting to his parole officer and had been convicted of two counts of theft, as shown by the evidence produced at his revocation hearing, held in accordance with Md.Ann. art. 41 Sec. 4-511. After ordering Harris's parole revoked, the commission member conducting the hearing elected to give Harris credit against his sentence of one year for the time he spent on parole, although he had remained on parole for over two and a half years.
 
 
 3
 By accepting parole Harris accepted the conditions attached thereto, including the condition imposed by Md.Ann.Code art. 41 Sec. 4-511 that his parole time not serve to reduce his sentence should he be lawfully retaken as a parole violator. Woods v. Steiner, 207 F.Supp. 945 (D.Md.1962). The Parole Commission member conducting Harris's revocation hearing had the discretionary power to grant credit for time between Harris's release on parole and the revocation of his parole. Md.Ann.Code art. 41 Sec. 4-511(d). The commission member's failure to exercise fully this discretionary power did not deprive Harris of any constitutional right. Dalton v. Warden, Maryland Penitentiary, 216 F.Supp. 600 (D.Md.1963).
 
 
 4
 The Supreme Court has mandated that when the loss of good time credits is at issue in prison disciplinary hearings, prisoners shall receive advance written notice of the charges, an opportunity for the prisoner to be heard, a right to call witnesses, and written findings. Wolff v. McDonnel, 418 U.S. 539 (1974). Harris did not allege that any of these rights were violated, and the record shows that they were not. Instead, Harris argued that he should have been allowed to confront and cross-examine his accusers.[2] As this is not a right guaranteed by Wolff, Harris did not have any due process rights violated when his good time credits were revoked.
 
 
 5
 Harris alleged that he was wrongfully "housed in a volatile segregation unit" that was "a scene of waste, and urine shooting" and that he was not allowed to rearrange the furniture in his cell to create more floor space. The record shows that Harris was supposed to be housed in segregation for much of the time in question, and Harris presented no evidence showing he should have been housed elsewhere or that he was harmed by the conditions in the unit. Therefore these claims do not demonstrate cruel and unusual punishment. To the extent the prison conditions may be harsh and restrictive, they are merely a part of the penalty convicted criminals must pay. Rhodes v. Chapman, 452 U.S. 337 (1981).
 
 
 6
 In case number 88-7247 Harris appeals the denial of his "motion for further proceeding," challenging the trial's schedule established by the district court. Although the appeal was interlocutory when filed, its merits are presently before the Court as part of case number 88-7333, and we find it without merit.
 
 
 7
 For the foregoing reasons we affirm the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Harris's claim concerning credit for time on parole should have been filed as a petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). However, its merits may be considered by this Court without requiring Harris to exhaust his state remedies because it is in the best interest of finality and judicial economy. Granberry v. Greer, 55 U.S.L.W. 4494 (U.S. Apr. 21, 1987) (No. 85-6790)
 
 
 [2]
 Harris admitted in his complaint that at his "July 16th" disciplinary hearing he did cross-examine Mr. Leatherman, a witness against him