In the Matter of the Estate of NOBLE KING POTTER, Deceased.

Surrogate's Court, Oneida County, June 3, 1938.

*Miller, Hubbell & Evans,* for the petitioner.

*Martin & Rendell,* for Julia Catherine McCombs.

*Merchant B. Hall,* for Marion S. Thompson and John O. Simmons.

*Charles L. Fellows,* for Edith Van Schoick.

RINGROSE, S.  In this proceeding for the judicial settlement of the account of the Oneida National Bank and Trust Company of Utica, as administrator with the will annexed of the last will and testament of Noble King Potter, deceased, a judicial determination of the parties entitled to the residuary estate is requested.

The testator died on January 13, 1915.  His will, executed on December 1, 1906, was admitted to probate by a decree of this court on February 10, 1915, and letters testamentary thereupon issued to Millard C. Wright, the named executor.  On December 9, 1919, the executor died and the petitioner herein was appointed administrator with the will annexed on September 25, 1922.  The testator's wife predeceased him by several years.

By his will the deceased provided for the payment of his debts and funeral expenses and directed the payment of several legacies, all of which have been paid.  The estate for distribution amounts to the sum of $5,953.22, subject to commissions and the costs and disbursements of this proceeding.

The provisions of the testator's will with which we are principally concerned in this proceeding read as follows:

" I give and bequeath to my nephew Silas Mason Potter the use of my farm in Holland Patent during his life and at his death the farm shall be sold and the proceeds divided equally between

the then living heirs at law of myself and my late wife, Amy Catherine Potter."

" I also give and bequeath to Silas Mason Potter the income of the remainder of my personal estate during his natural lifetime. Afterwards it is to be equally divided between the living heirs at law of both myself and my late wife, Amy Catherine Potter."

The life estate terminated on March 29, 1937, by the death of Silas Mason Potter. The ultimate determination of the issues here presented involves three distinct questions, of which the first to be considered is the date of the vesting of the remainder.

The will has all the earmarks of an instrument prepared by a layman, as is evidenced by the absence of an attestation clause and by having attached to the end thereof a notary public's printed certificate of acknowledgment, properly filled out and executed. The entire scheme of the will denotes a primary intent on the part of testator to provide an income for his nephew for life. Secondarily, at the termination of the life use, to divide the remainder equally between the heirs at law of himself and of his wife, had they survived to the date of distribution.

While the law favors the vesting of estates (*Stokes* v. *Weston*, 142 N. Y. 433), the direction contained in the instant will to convert the real property into personalty and to divide and pay over the same, together with the remainder of the personal property at a future time clearly imports an intention on the part of the testator to postpone the date of vesting until the time of payment. (*Farmers' Loan & Trust Co.* v. *Callan*, 246 N. Y. 481; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 id. 93; *Matter of Brewster*, 246 App. Div. 192, 199; *Matter of Curtis*, 252 id. 256; *Delaney* v. *McCormack*, 88 N. Y. 174.)

In *Delaney* v. *McCormack* (*supra*) the testator devised his real estate to his son for life, and if he married and had issue, in fee; in the event of his death unmarried or without lawful issue, the real property was to be sold by the executor and the proceeds divided among the testator's next of kin, according to the law of distribution of an intestate's personal estate. The son died without lawful issue. The court held, in determining the persons entitled to the residuary, as follows: " There is no gift to the next of kin, and no language importing such gift, except in the direction to convert the real estate into money and then make distribution; and in such case the rule is settled that time is annexed to the substance of the gift and the vesting is postponed."

This construction is further fortified by the fact that at the time of the testator's death Silas Mason Potter was his only heir at law and next of kin, and to hold that the remainder vested in the heirs

of testator at the date of his death would result in an anomaly whereby the life tenant would be vested of half the remainder and the designation by the testator of the beneficiaries of the remainder as " the then living heirs at law of myself and of my late wife, Amy Catherine Potter," would be devoid of substance and meaning.

The second question at issue in this proceeding is the intent of the testator denoted by the use of the word " between " in referring to the recipients of the remainder — in the first clause as " between the then living heirs at law of myself and of my late wife, Amy Catherine Potter," and in the residuary clause " between the living heirs at law of both myself and my late wife, Amy Catherine Potter." Obviously, in the provisions for his nephew, the testator had accomplished his primary purpose. He undoubtedly realized that the disposition made by him left an undisposed of remainder. He had no other next of kin who were closely related to him by consanguinity. It may be inferred that he was consequently satisfied to have it distributed according to the Decedent Estate Law, except that he desired his wife's heirs to share equally with his own in the property that had been acquired as a result of the combined efforts and frugality of both of them. Under these circumstances ample authority exists justifying a construction that the testator intended a gift of the remainder to be equally divided between the class comprised of those individuals who would be his heirs at law at the date of distribution and the class comprised of the heirs of his wife at the same time. (*New York Life Ins. & Trust Co.* v. *Winthrop, supra; Matter of Foster*, 242 App. Div. 796.)

This construction is substantially conceded by all parties to this proceeding.

The final question is possibly the most difficult and involves a dispute as to the heirs at law of the testator, entitled to share in the one-half distributable to the members of that class. The testator's legal heirs at law as of the date of distribution are J. Oscar Simmons and Marion Simmons Thompson, second cousins of the deceased, and Julia C. McCombs, a third cousin, who, by reason of the fact that she is a legal heir at law of the testator at the date of distribution, claims to be entitled to one-half of the amount distributable to the heirs of the testator.

The effective date of the gift was at the termination of the life estate. Up to that time the individuals of the designated class might be diminished by death or increased by births. Had the testator's nephew married and left issue him surviving none of the individuals now claiming a share in the residuary would have been heirs of the deceased.

Furthermore, the substance of the gift is personal property. The express direction to the executor to convert the real estate at the termination of the life estate effected an equitable conversion. (*Stephenson* v. *Lesley*, 70 N. Y. 512; *Fisher* v. *Banta*, 66 id. 468; *Tillman* v. *Davis*, 95 id. 17, 24.)

The bequest of the residuary estate is a gift of personal property, and the recipients thereof are those individuals who would be entitled to share in the personal property of the decedent had he died intestate at the date of distribution. The use of the words " heirs at law " by the testator may be construed to denote next of kin, as a contrary intent cannot be inferred from the context of the will. (*Tillman* v. *Davis, supra; Matter of Scott*, 204 N. Y. Supp. 478; *Matter of Evans*, 234 N. Y. 42, 45.)

The remainder over at the termination of the life estate shall be divided equally between the individuals comprising the class of the testator's next of kin and the individuals comprising the class of his wife's next of kin, had they both survived to the date of distribution; of the one-half distributable to the testator's next of kin, one-half thereof is payable to Marion S. Thompson and the other to John O. Simmons. The share to which the wife's next of kin are entitled shall be distributed *per capita* to her living nephews and nieces, they being the first class in that line, and *per stirpes* to the descendants of those nephews and nieces who are deceased. (Dec. Est. Law, § 83, subd. 6.)

Decreed accordingly.