THE PEOPLE OF THE STATE OF NEW YORK ex rel. SPENCEY THREADCRAFT, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.— Order affirmed, without costs. Memorandum: The relator was sentenced to imprisonment in a State prison for a period of two to four years. After he had served his minimum sentence, less a certain compensation allowed for good behavior, he was released on parole. Almost immediately he violated his parole and was retaken and returned to prison and held for the full period of his maximum sentence. The relator's claim is that he cannot be deprived of the benefit of his credit for the compensation which he earned for good behavior during the time before he was paroled. The point is not well taken. This court cannot review the action of the Parole Board in revoking relator's parole (*People ex rel. Kurzynski* v. *Hunt*, 250 App. Div. 378, 379), and he has no such vested interest in his earned compensation that he cannot be deprived of it by the violation of his parole. (Correction Law, § 218.) Relator has not shown that the form of his parole was different from the ordinary, and we have to assume that he was under the jurisdiction of the Parole Board while on parole. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR GARITI, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.— Order affirmed, without costs. Memorandum: When the relator, while serving a State's prison sentence, was surrendered by the Parole Board to officers of the State of New Jersey to be prosecuted for crimes alleged to have been committed in that State, the State of New York did not thereby waive its right thereafter to require the relator to serve the balance of his sentence. (Correction Law, § 220.) Nor was the relator's compensation or earned time a matter of vested right which could not be canceled by the Parole Board upon the event of the violation of his parole agreement. (Correction Law, §§ 218, 219; *People ex rel. Kurzynski* v. *Hunt*, 250 App. Div. 378, 379.) Any action taken by the Board of Parole in relation to the relator's parole may not be the subject of judicial review. (Correction Law, § 212; *People ex rel. Kurzynski* v. *Hunt, supra.*) All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

In the Matter of the Judicial Settlement of the Accounts of THE ONEIDA NATIONAL BANK & TRUST COMPANY OF UTICA, as Administrator c. t. a. and Trustee of the Estate of NOBLE KING POTTER, Deceased. JULIA C. McCOMBS, Appellant; MARION S. THOMPSON and Another, Respondents.— Decree in so far as appealed from affirmed, without costs of this appeal to any party. Memorandum: The surrogate determined that testator's use of the phrase " heirs at law " was intended to mean next of kin, thus eliminating appellant as a distributee under the provisions of the will. Appellant contends that heirs at law should be given its natural, ordinary and legal meaning. We agree with the surrogate. (*Tillman* v. *Davis*, 95 N. Y. 17; *Wallace* v. *Diehl*, 202 id. 156, 165; *Matter of Evans*, 234 id. 42, 45; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 id. 93.) All concur. (The decree construes a will.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ. [167 Misc. 848.]