THE PEOPLE OF THE STATE OF NEW YORK ex rel. SYLVESTER ZAKOWICKI, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Correctional Institution, et al., Respondents.

Third Department, December 28, 1954.

*Sylvester Zakowicki,* appellant in person.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Raymond B. Madden* and *Manuel T. Murcia* of counsel), for respondents.

HALPERN, J. The relator appeals from an order of the Special Term dismissing a writ of habeas corpus and remanding the relator to custody.

On November 10, 1944, the appellant was convicted of the crime of armed robbery in the third degree and was sentenced to the Elmira Reformatory, there to be dealt with according to law. Under the statute as it then read, the maximum term for which the appellant could be confined was ten years (see Correction Law, § 288, as it read prior to the amendment made by L. 1945, ch. 678, and Penal Law, § 2129). After serving about one and one-half years, the appellant was paroled on May 6, 1946. While on parole, the appellant was convicted in Texas of the crime of burglary and he served eighteen months of a two-year sentence. After serving the Texas sentence, the appellant was returned to New York on December 18, 1947, and was reimprisoned in Elmira Reformatory as a parole violator. He was subsequently reparoled and returned for violation of parole upon two additional occasions.

The appellant raises two contentions, both of which are without merit. The appellant contends that he cannot lawfully be imprisoned after the expiration of ten years from the date of the original sentence but he overlooks the fact that the occurrence of delinquency while on parole may have the effect of extending the date of ultimate release. The appellant's second contention that he should be credited with the time served in Texas is also untenable, under the New York statutes.

However, we believe that there is an error in the computation of the time to be credited upon the appellant's sentence, which should be corrected. In the computation submitted by the respondent in his return, the appellant is deprived of substantially all credit for the time which elapsed between his release on parole on May 6, 1946, and his return to Elmira Reformatory on December 18, 1947. This was done under the purported authority of section 219 of the Correction Law which, prior to its amendment in 1945, read in part, as follows (L. 1939, ch. 753): " If any prisoner while on parole from a state prison or from the Elmira reformatory shall commit a crime under the laws of another state government or country which if committed within this state would be a felony, and if he shall be convicted of such crime, he shall upon being returned to this state be compelled to serve in state prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole until the expiration of such maximum. In the case of such prisoner released on parole from the Elmira reformatory the board of parole may in its discretion require him to serve such portion remaining of the maximum term of his sentence as the board shall deem appropriate."

This section was amended by section 678 of the Laws of 1945 in effect July 1, 1945, so as to omit all reference to prisoners paroled from Elmira Reformatory and so as to eliminate the provisions relating to release on parole from the Elmira Reformatory.

The Attorney-General has ruled that the amendment applies only to prisoners sentenced to Elmira Reformatory after July 1, 1945, but that, as to prisoners theretofore sentenced, section 219 in its unamended form is still applicable (1945 Atty. Gen. 181). The Attorney-General held that the date of sentence was controlling " by analogy " to the case of *People ex rel. Ingenito* v. *Warden* (267 App. Div. 295, affd. 293 N. Y. 803) but as we read that case, it turned upon the saving clause in section 223 of the Correction Law, in effect providing that the pre-existing

law should continue to apply to prisoners sentenced before July 1, 1928. We do not find any similar saving clause in the amendment to section 219 by chapter 678 of the Laws of 1945 and, in the absence of such a saving clause, the law in force at the time of the appellant's release on parole was controlling (*People ex rel. Kurzynski* v. *Hunt,* 250 App. Div. 378).

Section 219 was therefore not applicable to the parole of the appellant from Elmira Reformatory on May 6, 1946. The effect of the subsequent violation of parole by the appellant was governed by section 218 of the Correction Law and, under that section, the appellant was entitled to credit for the time which elapsed from the date of his release on parole to the date as of which he was declared delinquent by the Board of Parole (*People ex rel. Dote* v. *Martin,* 294 N. Y. 330).

The text of the return states that the appellant was " declared delinquent May 6, 1946 " but this apparently refers to the date when he was released on parole, which is treated as the date of delinquency upon the basis of the erroneous application of section 219. The exhibit attached to the return indicates that the appellant was arrested for burglary in Texas on July 26, 1946, and that he was " declared delinquent July 25, 1946 ". The latter date seems to be the date as of which the appellant was found to be delinquent on account of the commission of the burglary. Upon the basis of this assumption, the appellant would be entitled to credit for the period from May 6, 1946, to July 25, 1946. Since the making of this correction would not entitle the petitioner to be released at this time, the writ of habeas corpus must be dismissed but we direct attention to the erroneous application of section 219 of the Correction Law so that an appropriate change may be made in the computation of the date of the appellant's ultimate release.

The order appealed from should be affirmed.

FOSTER, P. J., COON, IMRIE and ZELLER, JJ., concur.

Order affirmed, without costs.