■ Isburn J. Young et al., Appellants, v. Mary Lucas et al., Respondents. — Judgment reversed on the law and facts and a new trial.granted, with costs to the appellants to abide the event. Memorandum: The tenant in a summary proceeding paid the full amount of the rent as determined to be due in the final order plus the costs to the Justice of the Peace. The Justice subsequently turned the money over to the landlord and thereafter issued a dispossess warrant which was executed by a constable. The warrant under such circumstances is a nullity (Civ. Prac. Act, § 1435; *People ex rel. Kilgallon* v. *Nuhn,* 92 Misc. 312, affd. 173 App. Div. 895; *Matter of Flewwellin* v. *Lent,* 91 App. Div. 430; *Matter of Ehrlich* v. *Cassidy,* 243 App. Div. 786). A landlord at whose instance a void warrant to dispossess is issued and executed may become liable in trespass for money damages sustained by the tenant. The constable, however, may rely upon the apparent validity of the warrant unless he is apprised of its invalidity. This record, as we view it, presents a question of fact as to whether the landlord procured the issuance of the void warrant and participated in its execution. It also presents a question of fact as to whether the constable who executed the warrant did so with the knowledge of its invalidity. All concur. (Appeal from a judgment of Erie Trial Term for defendants for no cause of action, by direction of the court, in an action for damages for unlawful eviction and for property damage to plaintiffs' personal property.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■ The People of the State of New York ex rel. Anthony Rainone, Respondent, against Robert E. Murphy, as Warden of Auburn State Prison, Defendant. The People of the State of New York, Appellant.— Order reversed on the law without costs of this appeal to any party, writ dismissed, and relator remanded to the custody of the Warden of Auburn State Prison. Memorandum: Both parties agree that the sole issue here is whether or not relator was serving his State sentence of ten years concurrently with the Federal sentence, the period being May 8, 1951 until March 24, 1954. During this period, although a New York State parole violator, he was confined at Leavenworth under a sentence imposed on February 21, 1951, under a conviction in the United States District Court, Eastern District. Subdivision 2 of section 2193 of the Penal Law, which relator contends requires such a result, does not aid him. That section credits a parole violator with all time spent in a place of detention "by virtue of his arrest as a parole violator". This he has received. His confinement at Leavenworth was not for such, but for committing a Federal crime. (*Matter of Carney* v. *New York State Dept. of Correction,* 278 App. Div. 1018.) Relator himself interrupted the service of his State sentence by violating the conditions of his parole. (See *Zerbst* v. *Kidwell,* 304 U. S. 359, 361.) State and Federal sentences, being sentences of confinement to two different places, do not run concurrently. (*People ex rel. Hesley* v. *Ragen,* 396 Ill. 554; *Matter of Sichofsky,* 201 Cal. 360; *Matter of Huber,* 334 Mich. 100; *Ex. Parte Chadwick,* 155 Tex. Crim. Rep. 410; Penal Law, § 2190.) In turning over relator to the Federal authorities, the New York State Board of Parole did not lose its right to thereafter proceed against him as a parole violator. (*Matter of Carney* v. *New York State Dept. of Correction, supra; People ex rel. Gariti* v. *Brophy,* 255 App. Div. 823; *Matter of Costanza* v. *Martin,* 261 App. Div. 1034; *People ex. rel. Zakowicki* v. *Morhous,* 285 App. Div. 311, 313.) All concur. (Appeal from order of Cayuga County Court sustaining the writ of habeas corpus and ordering the immediate discharge of relator.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.