■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD KENNY, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County dismissing a writ of habeas corpus and remanding the appellant to the custody of the respondent warden. The points raised upon this appeal are substantially the same as those raised in an earlier habeas corpus proceeding brought against the Department of Correction of the City of New York and others. The facts are fully set forth in the opinion of MATTHEW M. LEVY, J., at Bronx County Special Term (*People ex rel. Mahon* v. *Warden*, 1 Misc 2d 267, affd. 2 A D 2d 876). While the appellant was on parole from a sentence to the Elmira Reformatory, he committed a felony for which he was sentenced to a term of 5 to 10 years in State prison. Pursuant to section 219 of the Correction Law, as it read before the amendment by chapter 678 of the Laws of 1945 (see *People ex rel. Zakowicki* v. *Morhous*, 285 App. Div. 311), the Board of Parole decided to require the appellant to serve one year of the unexpired term of the Elmira sentence and then to parole the appellant upon that sentence and to allow the appellant to commence serving the State prison sentence. The parole agreement executed by the prisoner at that time expressly stated that he realized that any violation on his part "may result in the revocation of my parole and of the permission to start my new sentence". Subsequently, the prisoner was paroled upon the State prison sentence. Thereafter, he committed a misdemeanor which was found by the Parole Board to be a violation of both his outstanding paroles and the board, under the authority of section 218 of the Correction Law, decided to require the appellant to serve the unexpired term of each of the sentences. The appellant contends, as he contended in the earlier proceeding, that the board had no power to require him to serve the unexpired portions of each of the sentences consecutively, after having once allowed him, in effect, to serve the sentences concurrently. This contention was rejected by the Appellate Division of the First Department in the earlier proceeding and we also reject it. The only new point raised by the petitioner is the question of the impact of *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367) upon the problem here presented. In our opinion, the *Rainone* case has no application here. It is true that the decision by the Parole Board requiring the appellant to serve the unexpired portion of each of the sentences consecutively had the effect of interrupting the service of one of the sentences in order to enable the appellant to complete the service of the other, but this is a consequence of the appellant's violation of the paroles and the new decision made by the board, which it had the right to make under section 218 of the Correction Law, upon the occurrence of the violation. The fact that the board had once decided, in effect, to allow the appellant to serve the two sentences concurrently did not require it to make the same decision upon the occurrence of a new violation while the prisoner was on parole from both sentences. The decision in the *Rainone*

case does not affect the power of the board to deal with a violation of parole occurring while the prisoner is on parole from two sentences and to require him to serve the unexpired term of each of the sentences consecutively. The board has that power under the statute, even though it may result in an interruption of the service of one of the sentences (*People ex rel. Robinson* v. *Murphy,* 260 App. Div. 836; Penal Law, § 2190, subd. 3; Correction Law, §§ 218, 219). The *Rainone* case 'merely held that the Parole Board has no power to interrupt the service of a sentence, in the absence of statutory authority therefor; here it had such authority. The appellant's remaining contention is that he is entitled to credit against his Elmira and State prison sentences for time served in a penitentiary under the misdemeanor sentence. This is without merit. The Board of Parole had no control over the appellant at the time of his arrest on the misdemeanor charge and the board is therefore not chargeable with having voluntarily and unjustifiably interrupted the service of the appellant's State sentences, as it was in the *Rainone* case (see *Matter of Sperling* v. *Moran,* 277 App. Div. 778, motion for leave to appeal denied 301 N. Y. 816). Order appealed from unanimously affirmed, without costs. Present — Foster, P J., Bergan, Coon, Halpern and Gibson, JJ.