In the Matter of JOHN JOSEPH MULLIGAN, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, July 1, 1963.

*Louis J. Lefkowitz, Attorney-General (Anthony J. Lokot* and *Paxton Blair* of counsel), for appellant.

*John Joseph Mulligan,* respondent in person.

WILLIAMS, P. J. The question is whether section 219 of the Correction Law as added by chapter 473 of the Laws of 1960, effective July 1, 1960, applies beneficially to the petitioner. The chapter mitigates the treatment of parolees who are convicted of felonies committed while on parole. If petitioner is included within the new chapter, he will receive the benefit of having the computation of his delinquent time commence as of the date of delinquency rather than the date of parole. In other words, he will receive credit for his parole time up to delinquency with the result that he would have served out the full maximum of his first sentence on February 28, 1959. Since that time he would have been serving under a new sentence of 5 to 10 years imposed because of a felony committed while on parole.

Having stated the problem, a consideration of the undisputed facts will be helpful. On April 18, 1949 petitioner was sentenced to 2 to 10 years. With a credit of 138 days jail time his maximum term was reduced to 9 years, 7 months and 12 days, to expire November 30, 1958. He was released on parole on May 16, 1950 owing 8 years, 6 months and 14 days on his maximum. He was declared delinquent on August 30, 1955 because of the commission of a felony and was returned to prison. Under former section 219 he was required to serve as delinquent time the balance of his sentence computed from the date of his release on parole. Therefore, on his return to prison on November 30, 1955 he owed 8 years, 6 months and 14 days of delinquent time which would not have been completed until June 14, 1964. If the new basis of computation provided in section 219 is applied to this prisoner, he would have only owed delinquent time amounting to 3 years and 3 months. Thus his maximum sentence would have expired on February 28, 1959. Petitioner contends it would have expired on November 30, 1958, the original expiration date, but this would not allow for the interruption of his sentence from the date of delinquency until his return to prison. The Warden has computed his second sentence as commencing on July 1, 1960, the effective date of chapter 473. The court below accepted petitioner's contentions without an opinion and directed the Warden to recompute the petitioner's sentence on the basis that he commenced service of the new sentence on March 1, 1959.

The petitioner's contention that he is within the scope of the beneficial provisions of the new section 219 is based upon the section 5 of chapter 473 which provides: " *The amendments made by this act shall apply to all prisoners serving delinquent time on the effective date of this act for a felony committed in this state* or for a crime committed under the laws of another state, government, or country which if committed in this state would be a felony. Such amendments shall not apply to prisoners who upon the effective date of this act have completed service of such delinquent time, nor to prisoners who upon the effective date of this act are serving delinquent time concurrently with a term imposed for a felony committed on parole." (Emphasis supplied.)

The question here presented has not previously been considered by any court of this State. There is little precedent that is helpful in construing the statute except cases referring to retroactivity in general. Most of these, however, have no particular application to the problem raised by this petitioner. We must determine this case from the specific intent which we find

to be evident in the chapter itself, that the section shall apply for the benefit of petitioner.

Section 219 must be read in conjunction with section 218. Both were added by chapter 485 of the Laws of 1928. Section 218, applicable to prisoners who violated parole by committing an act not amounting to a felony, provided, as it was originally enacted: "Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the board of parole at its next meeting shall declare such prisoner to be delinquent *and time owed shall date from such delinquency* \* \* \* The board of parole \* \* \* may, if it sees fit, require such prisoner to serve out in prison the balance of the maximum term for which he was originally sentenced calculated from the date of delinquency or such part thereof as it may determine, or impose such punishment as it deems proper, *subject to the provisions of the next section.*" (Emphasis supplied.) The original section 219 provided for harsher treatment for prisoners who committed felonies while on parole: "If any prisoner be convicted of a felony committed while on parole, he *shall*, in addition to the sentence which may be imposed for such felony, and before beginning to serve such sentence, be *compelled* to serve in state's prison the portion remaining of the maximum term of the sentence on which he was released on parole *from the time of such release on parole to the expiration of such maximum. No such person shall be eligible for any further parole at any time.* (Emphasis supplied.) It will be noted that parole violators who fell within section 218 remained within the jurisdiction of the Parole Board and were compelled to serve only the balance owed on their sentences as of the date of delinquency. Those who committed felonies, however, were permanently removed from the Parole Board's jurisdiction by section 219 and were compelled to serve out the balance of the sentence remaining to be served as of the date of the original release on parole. Time spent on parole was not credited as time served on the sentence.

Section 218 has been continued in substantially the same form to the present time, while section 219 has undergone significant changes. In 1939 it was relaxed somewhat to provide that in the case of a parolee from the Elmira Reformatory who committed a felony "the board of parole may in its discretion require him to serve such portion remaining of the maximum term of his sentence as the board shall deem appropriate." (L. 1939, ch. 753.) There was no similar provision for persons paroled from prisons other than Elmira. In 1945, when the section was again

amended to apply only to persons on parole from a State prison, this quoted clause was deleted (L. 1945, ch. 678, § 4).

The first step toward ameliorating section 219 as to felons came in chapter 518 of the Laws of 1954, which added a provision that: "if such prisoner has served five years of delinquent time under this section, *he shall*, upon certification of the prison board, *become subject to the jurisdiction of the board of parole* which may permit such prisoner to serve a portion of his remaining delinquent time concurrently with the new sentence imposed upon him." (Emphasis supplied.) In 1957, the clause beginning "which may permit" was deleted and the words "as to his remaining delinquent time" added (L. 1957, ch. 436).

Chapter 473 of the Laws of 1960, effective July 1, 1960, with which we are directly concerned on this appeal, repealed former section 219 in its entirety and added a new section bearing the same number. The relevant portion provides: "If any person be convicted in this state of *a crime or offense* committed while on parole from an institution under the jurisdiction of the commissioner of correction and if he be sentenced therefor to such an institution he *may*, in addition to the sentence which may be imposed for such crime or offense, and before beginning to serve such sentence, be compelled to serve in such an institution, the portion remaining of the maximum term of the sentence on which he was released on parole *calculated as provided in section two hundred eighteen of this article.*" (Emphasis supplied.) That chapter also continued section 218, which in its present form provides, insofar as it is relevant to the present case: "Whenever there is reasonable cause to believe that a prisoner who has been paroled by the state board of parole, has violated his parole, such board of parole as soon as practicable shall declare such prisoner to be delinquent and such declaration of delinquency *shall interrupt such prisoner's sentence as of the date of such delinquency* * * *. Such interruption shall continue until the return of such prisoner to an institution under the jurisdiction of the commissioner of correction. *Upon such return time owed shall date from such delinquency*". (Emphasis supplied.)

The significant change brought about by this enactment was the abolition of the former distinction between felonies committed while on parole and lesser parole violations. Thus parolees committing felonies receive the same benefits under section 218 as other parole violators because of the substitution of the words "crime or offense" for the former word "felony". Both may, in the discretion of the Parole Board, be compelled to serve out the maximum due on the original sentence before

commencing service of the new sentence, but both now are subject to the Parole Board's jurisdiction. Of special significance is the fact that the parolee who commits a felony is now brought within the Parole Board's jurisdiction at an earlier date by means of the new and more favorable calculation of the time due to be served on his maximum sentence.

The development of section 219 is consistent with modern views with regard to penology. In its original form the section directed that a prisoner coming within its purview " *shall* " be compelled to serve the balance of his original term before commencing service of his new sentence. Of course, in the absence of ameliorating or qualifying language or showing of another purpose, the word " shall " is deemed to be mandatory. Therefore, as the section formerly read, it would have been mandatory for such a prisoner to serve out the portion remaining of the maximum term of his sentence from the time of release on parole to the expiration of the maximum. The amendment of the section in 1954 was definitely ameliorative in that it gave a prisoner the benefit of possible concurrent incarceration after he had served five years of delinquent time from the date of his release on parole. Thus he might gain time credit on his new sentence, so that, in the case of an unusually long maximum on the first sentence, he could be released on parole as soon as he became eligible for parole under his second sentence.

The enactment of the new section 219 brought further mitigation of the harsh treatment formerly accorded parole violators and brought this section of the law into harmony with the modern penological approach. Its purpose is explained in a memorandum presented by the Division of Parole at the time of its introduction (no official citation). The arguments offered in support of the bill state that modern penology supports the premise that individual treatment be permitted in each case and that this was not possible under the mandatory provisions of the former section. Further, it is said that under the former law maintenance of institutional discipline was more difficult as to inmates serving mandatory delinquent time with no opportunity to shorten the period through good conduct. The penalties that could have been imposed upon a prisoner under the former section are recounted as well as the forfeitures that a prisoner might incur. Attention is called to the inequity existing in the fact that a prisoner owing less than five years would be required to serve it all while one serving more than five years could be paroled after five years. In other words, the modern trend as demonstrated and argued in the memorandum supporting the bill and in the section itself, particularly read in connection with

section 218, stresses individual treatment and reward for good conduct as exemplified by calculation of delinquent time from the date of delinquency rather than from the date of parole.

We must consider whether this prisoner comes within the scope of section 5 of the new chapter. In our opinion he does. As we have said, that section provides, " The amendments made by this act shall apply to all prisoners serving delinquent time on the effective date of this act ". On the effective date of the section he was a prisoner serving delinquent time for a felony which was committed in this State. He had not completed his service under the old method of computation, nor had he been permitted to serve his delinquent time concurrently with the new term under the provisions of the section as it was amended by the Laws of 1954. The exclusionary provisions of the last sentence of section 5 do not take the beneficial aspects of the section from this prisoner because he had not completed service of his delinquent time based on the old method of computation nor was he serving delinquent time concurrently with a term imposed for a felony committed on parole. It might be argued that if the new method of calculation of delinquent time is applied to him he would not, on the effective date of the act, have been serving delinquent time because if his time were calculated on the basis of the date of delinquency he would have served out the balance of his maximum term. However, his time was not so computed, and the Correction Department will not so compute it today except by mandate of this court, so that on the effective date of the amendment, he was being held as a parole violator who was serving delinquent time.

The Commissioner of Correction, for some puzzling reasons not in any way authorized by the language or intent of the new section, decided that his maximum sentence ended as of the effective date of the new section. This gave him only partial benefits under the amendment although recognizing that he came within the beneficial aspects and purposes thereof. We see no possible basis for such a computation. It cannot be found in the statute by either specific language, implication or fair intendment. The only argument that seems to have been made as to the reason that this was done is that any other construction would cause a great deal of additional bookkeeping. This is a most unusual reason for denying a prisoner his rights under statutes intended for his benefit. Furthermore, the cut-off period was determined by the Commissioner of Correction (not the Parole Board) arbitrarily and to apply to all, not individual, cases as the amendment contemplates.

We agree that a statute should not be construed to be effective retroactively unless its language expressly or by fair implication demands such construction. However, the language of the present law expressly contemplates retroactivity.

Our reasoning is in line with the philosophy of *People* v. *Oliver* (1 N Y 2d 152). In that case the defendant, a child under 16 years of age, was charged with murder in the first degree. The crime occurred when he was only 14 years old and before section 486 of the Penal Law had been amended. Before the amendment, a child of 7 and under 16 could be prosecuted for murder or any other crime punishable by death or life imprisonment. After the amendment, a child under the age of 16 could be subjected only to treatment as a " delinquent ", and not to punishment as a criminal. In other words, the effect of the modification was that no child of 15 or less could be charged with or prosecuted for any crime even though it be punishable by death. The court held that since the amendment was an ameliorative one there was no constitutional problem but the question for determination was that of legislative design. After considering the general object of the legislation and a memorandum of the Governor approving the bill indicating that the statute's provisions should be applied to all offenders who had not been tried and sentenced before its effective date, the court reversed the judgment of conviction for murder in the first degree and dismissed the indictment. The case contains an excellent discussion of the problem before us as to the application of an amended statute to a prior situation. At page 163, it is said: " Whenever the Legislature alters existing law, a certain measure of inequality is bound to ensue. Where the change is ameliorative and reflects a judgment that the earlier law was unduly harsh or unjust, a court should not withhold the benefits of the new statute to one tried after its passage, merely because it is powerless to extend them to those already convicted."

Any beneficial retroactive change is bound to create some inequities or anomalies and the present amendment if given a progressive, liberal interpretation may well do so. However, as observed in the *Oliver* case, that is no reason to deny its benefits to one who clearly comes within its remedial scope.

The order should be affirmed.

HALPERN, J. (dissenting). I am constrained to dissent from the decision about to be made. I believe that the petitioner was given the full benefit by the prison authorities of the provisions of chapter 473 of the Laws of 1960, repealing section 219 of the

Correction Law and inserting a new section 219 in its place. The decision of the majority gives the petitioner an additional benefit which I believe has no sanction in a reasonable construction of the amendatory statute.

The petitioner was sentenced on April 18, 1949, to a term of 2 to 10 years. The petitioner was released on parole on May 16, 1950, owing 8 years, 6 months and 14 days. He was declared delinquent on August 30, 1955, because of the commission of a felony in New York State while on parole and he was returned to prison on November 30, 1955. Under section 219 of the Correction Law, as it then read, the petitioner was required to serve " the portion remaining of the maximum of the sentence on which he was released on parole from the time of such release on parole to the expiration of such maximum ", before beginning to serve the new sentence of 5 to 10 years imposed for the felony committed while on parole. However, a proviso had been added to section 219 by chapter 518 of the Laws of 1954, which authorized the Parole Board to permit a prisoner who had served 5 years of delinquent time under section 219 " to serve a portion of his remaining delinquent time concurrently with the new sentence imposed upon him ". Section 219 was further amended by chapter 436 of the Laws of 1957 so as to provide generally that after a prisoner had served 5 years of delinquent time, he would become subject to the jurisdiction of the Board of Parole " as to his remaining delinquent time ".

Section 219 of the Correction Law was repealed by chapter 473 of the Laws of 1960, effective July 1, 1960, and a new section bearing the same number was adopted, eliminating the mandatory requirement of service of delinquent time in the case of a prisoner who had committed a crime while on parole and providing instead that the requirement of the service of delinquent time was discretionary with the Parole Board and that in any event the delinquent time should be " calculated as provided in " section 218 of the Correction Law. Under section 218, the Board of Parole is authorized to decide how much of the balance of the maximum term under the original sentence should be required to be served and furthermore the maximum delinquent time must be computed from the date of the declaration of delinquency and not from the date of release on parole.

Section 5 of the session law of 1960 which enacted the new section 219 provided: " The amendments made by this act shall apply to all prisoners serving delinquent time on the effective date of this act for a felony committed in this state or for a crime committed under the laws of another state, government, or country which if committed in this state would be a felony ".

The Board of Parole and the prison authorities in accordance with the 1960 amendment, declared that after July 1, 1960 (the effective date of the amendment), the petitioner and others similarly situated would no longer be required to serve delinquent time on their original sentences and that the service of their new sentences would commence on that date. The petitioner was thus relieved of the obligation under the old statute (subject to the exercise of the Parole Board's jurisdiction) of serving an additional period of almost four years upon his original sentence before commencing the service of his new sentence.

The petitioner maintained, however, that he was entitled to an additional benefit and that his entire period of service of delinquent time should be reallocated, as if the new statute had been in effect at the time of the declaration of delinquency in 1955, instead of the old one, so that the maximum period of delinquent time which he could be required to serve would be only 3 years and 3 months from the time of his return to prison in 1955, which would run to February 28, 1959. He further maintained that all time served after that date should be credited on his new sentence, as if he had commenced service of his new sentence on March 1, 1959, and he asked that the Commissioner of Correction be directed to recompute the time owing by the petitioner accordingly. The prevailing opinion accepts the prisoner's contentions and directs that a recomputation be made in accordance therewith.

With this I cannot agree. The majority's decision gives the 1960 amendment a retroactive effect in a most extreme form. It not only holds that the new statute is applicable to prisoners serving delinquent time on July 1, 1960, but it holds that the time theretofore served in accordance with the statute then prevailing should be reallocated and that part of the time served should be treated as having been served under the new sentence instead of the old one, as if the new statute had been in force during that period. I can find no sanction in the statute for this construction. It is elementary that statutes are to be construed prospectively in the absence of a clear indication by the Legislature to make them retroactive (*Saltser & Weinsier* v. *McGoldrick*, 295 N. Y. 499, 507; *Waddey* v. *Waddey*, 290 N. Y. 251, 254; *New York & Oswego Midland R. R. Co.* v. *Van Horn*, 57 N. Y. 473, 477–478; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 51, p. 67).

If section 5 of chapter 473 of the Laws of 1960 had not been inserted, a question would have arisen as to whether the statute was to apply at all to prisoners then serving delinquent time or whether it was to apply only to prisoners thereafter released on

parole or thereafter returned to prison for a violation of parole (cf. *People ex rel. Zakowicki* v. *Morhous,* 285 App. Div. 311). Section 5 merely makes it clear that the Legislature intended to have the statute apply to the prisoners then serving delinquent time so that they would be given the benefit of the statute and would not be required to serve any delinquent time *in the future,* except in accordance with the provisions of the new statute. Thus, as the Parole Board and the correction authorities correctly decided, a prisoner who had already served more delinquent time on July 1, 1960 than he would have been required to serve if his delinquent time had been computed from the date of delinquency instead of from the date of his original release on parole, could not properly be required to serve any additional delinquent time *in the future.* It may be argued that this involves a kind of "retroactivity" but the statute remains essentially prospective in operation, i.e., it applies only to the extent of the service of delinquent time to be required in the future. This construction certainly does not open the door to the extreme kind of retroactivity and "as if" reasoning adopted in the prevailing opinion. There is no provision in the statute for crediting upon a new sentence any part of the delinquent time which had been served under the original sentence in accordance with the law prevailing at the time of the service.

As has been indicated, the result reached by the majority requires the application of an "as if" line of reasoning which is contrary to all rules of statutory construction.

The majority's reasoning would produce anomalous and inequitable results. In the case of a prisoner who had served under the old statute more delinquent time than he could have been required to serve if the new statute had been in force at the time of the service, the prevailing opinion holds that he is entitled to have the so-called excess time credited on his new sentence. But what if there is no new sentence? The prisoner may have committed a felony outside the State for which he had served his full sentence prior to being returned to New York State for violation of parole. There would be no new sentence upon which to credit the alleged excess service in accordance with the majority's reasoning. Or suppose the case of a prisoner who had committed a felony in New York State while on parole and, after he returned to prison, had served all but one month of delinquent time owing under the old statute on July 1, 1960. He would be entitled to credit under the majority's reasoning upon his new felony sentence for all the time which he had served under the old statute in excess of that which he could have been required to serve under the new statute. But a prisoner who had

just completed the service of an equivalent amount of delinquent time under the old statute on July 1, 1960, would not get any credit for the so-called excess time on his new sentence. This inequitable result is readily avoided by giving the statute its normal prospective effect and holding that the prisoner who had served all but one month of his delinquent time should be relieved of the service *in the future* of that month, but should not receive any credit on his new sentence for delinquent time served in the past.

Section 5 of chapter 473 of the Laws of 1960 specifically provides: '' Such amendments shall not apply to prisoners who upon the effective date of this act have completed service of such delinquent time ''. Neither do the amendments apply to the *part* of the service of delinquent time which had been completed prior to the effective date of the act. As has been stated, that service was completed under the old statute and there is nothing in the amendments which authorizes a reallocation of the service or a crediting of the time so served upon any other sentence (cf. *People* v. *Kowalsky,* 2 A D 2d 938, affd. 2 N Y 2d 949).

It may be noted that in the earlier amendments to section 219 in 1954 and 1957, to which reference is made above, limiting the period of mandatory delinquent time to 5 years, there was a similar provision that the amendments should apply to all prisoners serving delinquent time '' on or after the effective date of this act ''. It has never been suggested that under that provision prisoners who had theretofore served more than 5 years of delinquent time were entitled to have the excess credited upon some other sentence.

I would therefore reverse the order appealed from and dismiss the petition.

BASTOW and McCLUSKY, JJ., concur with WILLIAMS, P. J.; HALPERN, J., dissents and votes to reverse and dismiss the petition in opinion in which GOLDMAN, J., concurs.

Order affirmed.