Gilbert H. King, J.
The above-named petitioner, now confined to the Attica State Prison, seeks an order pursuant to article 78 of the CPLR (1) vacating a decision said to have been made by the Prison Board of Attica State Prison which determined that the petitioner should not be credited with 531 days of so-called “good time”; or (2) an order directing his immediate appearance before the Board of Parole; or, (3) directing that a hearing be held by the Parole Board with the petitioner represented by counsel.
Initially this petition raises the claim that the due process requirements of the Fourteenth Amendment to the United States Constitution dictates that a prisoner be represented by counsel in appearances before both the Prison Board, which considers the grant or denial of the discretionary reduction of sentence provided for by section 230 of the Correction Law in accordance with section 235 et seq. of the Correction Law and before the Board of Parole which determines whether, when and under what circumstances prisoners may be released upon parole (Correction Law, § 210 et seq.).
The Appellate Division of this department had read the decisions of the United States Supreme Court in Mempa v. Rhay (389 U. S. 128), assuring the aid of counsel to one charged with a violation of probation and facing the imposition of sentence therefor, and Matter of Gault (387 U. S. 1), which had earlier held that a juvenile was entitled to all of the essentials of due process including notice of the right to be represented by retained counsel or by assigned counsel if the juvenile or his parents were unable to afford a retainer, as requiring that a parolee accused of violating his parole be permitted the aid of counsel, if requested, upon his appearance before a so-called ‘ ‘ parole court ’ ’ convened to determine whether the prisoner should be restored to parole or returned to prison (People ex rel. Combs v. La Vallee, 29 A D 2d 128, app. dsmd. 22 N Y 2d 857).
There are very real differences between hearings held by a Parole Board to aid it in determining whether or not a prisoner should be released or proceedings by a Prison Board upon the *394 question of whether a prisoner should be granted certain discretionary reductions of his minimum sentence for good behavior and willing performance of assigned duties while imprisoned and the “ parole court ” hearing on the charge that a parolee violated the conditions of his parole. In the case of the so-called Prison Board there is no requirement, by statute or regulation, that the prisoner appear before the board and apparently it is not the practice to hold ‘ ‘ hearings ’ ’ in advance of decision. It maybe assumed that such boards consider written reports detailing the prisoner’s conduct during his incarceration, breaches of discipline if any, and the seriousness thereof and whether the withholding of good time is an appropriate punishment for such acts. A hearing upon such a review would, in essence, be a series of trials testing the correctness of findings made by the Warden or his agents that a prisoner had in each instance committed an infraction of prison rules and possibly testing also whether the sanctions imposed were reasonable under the circumstances. Since the statute (Correction Law, § 235) commands that the Prison Board in each prison consist of the Warden, the principal keeper, the physician and the officer in charge of industries therein, it is difficult to conclude that any such mini trials would substantially benefit the prisoner’s cause.
Research supplies no authority to support the petitioner’s contention and, in fact, discloses decisions holding, contrary to the Combs case, that counsel is not required even in cases where revocation of parole may result. (See, e.g., Lawson v. Coiner, 291 F. Supp. 79; Wingo v. Lyons, 432 S. W. 2d 821 [Ky.].)
As to the related claim that assistance of counsel is required where a prisoner is granted an appearance before the Board of Parole upon the question of whether or not release upon parole should be granted, the Court of Appeals has recently held to the contrary. (Matter of Briguglio v. New York State Bd. of Parole, 24 N Y 2d 21.) In addition, there is an abundance of precedent to the effect that the determination of the Board of Parole with respect to releasing a prisoner is totally discretionary and beyond judicial review so long as the board violates no positive statutory requirements. (See, e.g., Sostre v. Mailler, 9 A D 2d 828, cert. den. 363 U. S. 821; Matter of Hines v. State Bd. of Parole, 293 N. Y. 254; People ex rel. Gariti v. Brophy, 255 App. Div. 823, app. dsmd. 279 N. Y. 778.)
Lastly, the Board of Parole is only bound to review the petitioner’s status just prior to the expiration .of his mínimum sentence (Correction Law, § 214) and that date is dependent upon the discretionary reduction in sentence allowed by the Prison Board. Therefore, since the Prison Board’s determination in *395 this case must stand, the time for petitioner’s appearance before the Board of Parole has not arrived and indeed may never arrive unless the board determines to grant him release (Correction Law, § 214, subd. 4).
This petition is denied, therefore, in all respects and the proceeding dismissed.