■ In the Matter of SONIA MORALES, Appellant, v STANLEY BREZENOFF, as Commissioner of the Department of Social Services of the City of New York, et

al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents Brezenoff and Klein to issue petitioner's monthly shelter allowance benefits from January, 1980 through and including December, 1980, the petitioner appeals from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), dated January 26, 1981, as conditioned the issuance of a check in the amount of $2,126, representing rent moneys, upon the written consent of petitioner's landlord, Hashizume Food Products Corp., (1) to accept the foregoing sum in complete satisfaction of petitioner's rent arrearages for the 1980 calendar year, and (2) to execute a lease with petitioner pursuant to the terms of a previous stipulation in a separate proceeding commenced against petitioner by Hashizume Food Products Corp. Judgment modified, on the law, (1) by deleting from the third decretal paragraph all language beginning with "on condition that the landlord accept", (2) by deleting the fifth and sixth decretal paragraphs, and (3) by adding provisions (a) directing the New York City Department of Social Services to deposit the sum of $2,126 with the clerk of the Civil Court, Queens County (see RPAPL 751, subd 1); this deposit shall satisfy the Department of Social Services obligation with respect to the $2,126 rent arrears; (b) permitting the landlord to obtain said deposit on motion to the Civil Court establishing that the landlord has and will comply with the conditions specified in the stipulation dated December 12, 1980 made in the Civil Court, Queens County, in the nonpayment proceeding (Index No. L & T 50358/80); and (c) staying eviction based on the final order (dated Dec. 12, 1980) issued in that nonpayment proceeding (see RPAPL 751, subd 1). As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and without prejudice to the landlord taking such other action as may be lawful and appropriate to remedy or cause to be discontinued alleged violations by the tenant. Although the conditions imposed by Special Term were apparently meant to protect both the tenant and the Department of Social Services, the conditions have the effect of (1) permitting the landlord to reject rent payments in order to create a default, (2) permitting the landlord to breach the stipulation entered into in the nonpayment proceeding (a stipulation which was the basis for the landlord obtaining the final order in that proceeding), and (3) depriving the tenant of her right to seek a stay by depositing the rent arrears into court (see RPAPL 751, subd 1; 749, subd 3). Accordingly, the imposition of the conditions was an improvident exercise of discretion, and we have stricken them and added provisions which permit the stipulation to be honored and preclude violation of the tenant's right to stay eviction. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.