■ ALI TAYEH, Respondent-Appellant, v EDWIN FREDERICK, Appellant-Respondent.—In an action, *inter alia,* for specific performance of an option to purchase real property, the defendant appeals (1) from an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 17, 1989, which granted the plaintiff's motion for partial summary judgment on the first cause of action asserted in the complaint, and (2) from so much of an order of the same court, dated January 24, 1990, as, upon reargument, substantially adhered to the prior determination. The plaintiff cross-appeals, as limited by his notice of appeal and his brief, from so much of the order dated January 24, 1990, as conditioned the granting of partial summary judgment upon the plaintiff paying back taxes on the subject premises, maintaining casualty and general liability insurance policies and paying the premiums thereon, and paying rent to the court appointed receivers prospectively from January 1, 1990, pending determination of the appeals.

Ordered that the appeal from the order dated March 17, 1989, is dismissed, as that order was superseded by the order dated January 24, 1990, made upon reargument; and it is further,

Ordered that the order dated January 24, 1990, is modified by deleting the tenth decretal paragraph thereof, and substituting therefor a provision denying the plaintiff's motion for partial summary judgment; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the conditions imposed by the first through ninth decretal paragraphs of the order dated January 24, 1990, shall continue in effect pending the outcome of this action; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant contends that the plaintiff-tenant's lease was terminated by virtue of a warrant of eviction before the plaintiff attempted to exercise his option to purchase the subject real property. However, prior to the issuance of the

warrant of eviction, the plaintiff had moved by way of order to show cause for a stay pending appeal of all enforcement proceedings and a stay was in effect at the time the warrant of eviction was issued. Accordingly, the warrant of eviction is a nullity and did not terminate the plaintiff's lease *(cf., Young v Lucas,* 1 AD2d 754; *see also,* RPAPL 749). We find that the plaintiff thereafter timely exercised his option to purchase the subject premises on September 28, 1987. However, under the circumstances of this case summary judgment was not warranted as there exist triable issues of fact, including whether the plaintiff was ready and able to perform his obligations as set forth in the option clause of the lease *(see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997; CPLR 3212 [b]).

With respect to the plaintiff's cross-appeal, we find that the conditions imposed by the Supreme Court were an appropriate exercise of discretion and should remain in effect pending the outcome of this action to preserve the status quo. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.