OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on an appeal from a February 11, 1999 decision of Rochester City Court, Honorable Melchor E. Castro, granting petitioner a warrant of eviction and a judgment in the amount of $125 for rent and late fees due plus costs. Respondent appealed.
Ordered that the judgment is reversed.
The record on appeal contains the following pertinent facts:
*175 Respondent rented an apartment located at 525 South Avenue in the City of Rochester from petitioner pursuant to a written lease with an initial lease term of June 1, 1997 to June 1, 1998. As of June 1, 1998, the lease was amended to a month-to-month lease with the same payment terms. The monthly rent is $625 payable on the first day of each month. The lease provides for a late fee of $25 if the rent is paid after the fifth day of the month. Respondent is disabled and receives Supplemental Security Income. The parties participate in the Rochester Housing Authority’s section 8 program (42 USC § 14371) which provides financial assistance for rent to low-income individuals. The respondent is obligated to pay petitioner $101 in rent and the Rochester Housing Authority pays the remaining $524.
The parties developed a practice in which the petitioner collected respondent’s portion of the rent in person at the apartment. On January 21, 1999 petitioner’s wife went to respondent’s apartment. Petitioner claims that on that date his wife served respondent with a written demand for rent, a list of complaints and a demand to vacate the premises immediately based upon the various complaints. Respondent claims that she gave her portion of the January rent in cash to petitioner’s wife. She did not request a receipt.
On February 4, 1999, respondent was served with the notice of petition and petition for eviction for nonpayment of the January rent. According to his testimony, petitioner wanted respondent to move out for reasons other than nonpayment.
On February 11, 1999, the matter was heard in Rochester City Court. Prior to the proceeding and to avoid eviction, respondent attempted to post the amount sought plus costs with the trial court in order to effect a stay of the proceedings. The trial court denied the request. Respondent repeated the request several times during the proceeding to no avail. The trial court did not provide a reason for the denial.
At the conclusion of the proceeding, the trial court issued a warrant of eviction and granted judgment to petitioner in the amount of $165.
A timely notice of appeal was filed on February 17, 1999. Respondent requested and was granted a stay of execution by this court. The stay was issued with the condition that respondent remain current on her rental payments to petitioner.
On appeal, respondent seeks reversal of the trial court’s decision on the ground that the trial court erred when it denied *176 respondent’s request to post the amount sought plus costs. The court concludes that a reversal of the decision is warranted. When a “tenant holds over after a default in the payment of rent,” the law provides that a tenant may obtain a stay of execution of a warrant of eviction “at any time before a warrant is issued” by posting the amount of the rent due plus costs with the court (RPAPL 751 [1]). This provides the tenant with the “right to stay eviction” (Matter of Morales v Brezenoff, 86 AD2d 610, 611 [2d Dept 1982]). Based upon its review of the record and the plain language of the statute, the court reverses the decision of the Rochester City Court. Furthermore, the tenant’s payment of the rent due and owing constituted a complete defense to the action (see, Young v Lucas, 1 AD2d 754 [4th Dept 1955]). Dismissal of the petition is therefore warranted.
Accordingly, the decision of the Rochester City Court is reversed, the warrant of eviction and judgment is vacated, and the petition is dismissed.
The court further orders the respondent to provide to petitioner the funds currently being held in escrow by respondent’s counsel.